# EXHIBIT A

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Shane A. Jimenez aka Shane Abag Jimenez aka Shane Jimenez |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | District of New Jersey |
| Case number | 23-10176-ABA |

## Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense.** Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309)** that you received.

## Part 1:    Identify the Claim

**1. Who is the current creditor?**

U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT-V
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☐ No
☑ Yes. From whom? PHH

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Rushmore Loan Management Services | Rushmore Loan Management Service |
| Name | Name |
| P.O. Box 55004 | P.O Box 52708 |
| Number      Street | Number      Street |
| Irvine      CA      92619 | Irvine      CA      92619 |
| City      State      ZIP Code | City      State      ZIP Code |
| Contact phone 888-504-6700 | Contact phone 888-504-6700 |
| Contact email | Contact email |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____   Filed on _____
      MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

# EXHIBIT A

---

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

---

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  _6_  _4_  _4_  _2_

---

**7. How much is the claim?**   $_____251,560.33   **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money Loaned

---

**9. Is all or part of the claim secured?**

☐ No

☑ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe:   209 Avon Rd. Cherry Hill, NJ 08034

**Basis for perfection:**   Note/Mortgage

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**   $_____

**Amount of the claim that is secured:**   $_____251,560.33

**Amount of the claim that is unsecured:**   $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $_____88,312.81

**Annual Interest Rate** (when case was filed)___4.25 %

☑ Fixed

☐ Variable

---

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

---

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

---

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | | | |
|---|---|---|---|---|

Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$_____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$_____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.

$_____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    02/13/2023
                    MM  / DD  / YYYY

/s/ Jason Schwartz, Esquire
_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name        Jason Schwartz
            First name          Middle name            Last name

Title       Attorney for Creditor

Company     Friedman Vartolo LLP
            Identify the corporate servicer as the company if the authorized agent is a servicer.

Address     1325 Franklin Avenue, Suite 160
            Number        Street

            Garden City                    NY        11530
            City                           State     ZIP Code

Contact phone   (212) 471-5100         Email  bankruptcy@friedmanvartolo.com

---

# EXHIBIT A

Mortgage Proof of Claim Attachment                                                                                                    12/15

**If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.**

| Part 1: Mortgage and Case Information | | Part 2: Total Debt Calculation | | Part 3: Arrearage as of Date of the Petition | | Part 4: Monthly Mortgage Payment | |
|---|---|---|---|---|---|---|---|
| Case number: | 23-10176-ABA | Principal balance: | $177,096.28 | Principal & interest due: | $38,222.25 | Principal & interest: | $932.25 |
| Debtor 1: | Shane A Jimenez aka Shane Abag Jimenez aka Shane Jimenez | Deferred balance: | $0.00 | Prepetition fees due: | $12,577.04 | Monthly escrow: | $900.65 |
| Debtor 2: | | Interest due: | $25,880.99 | Escrow deficiency for funds advanced: | $36,898.08 | Private mortgage insurance: | $112.82 |
| Last 4 digits to identify: | 6442 | Fees, costs due: | $12,577.04 | Projected escrow shortage:- | $1,507.50 | Total monthly payment: | $1,945.72 |
| Creditor: | U.S. Bank National Association not in its individual capacity but solely as Trustee for RMTP Trust, Series 2021 BKM-TT-V | Escrow deficiency for funds: | $36,898.08 | Less total funds on hand: | | | |
| Servicer: | Rushmore Loan Management Services | | | | -$892.06 | | |
| Fixed accrual/daily: | | Less total funds on hand: | -$892.06 | Total prepetition arrearage: | $88,312.81 | | |
| Simple interest/other: | Fixed Accrual | Total debt: | $251,560.33 | | | | |

**Part 5 : Loan Payment History from First Date of Default**

| | | Account Activity | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. Date | B. Contractual Payment Amount | C. Funds Received | D. Amount Incurred | E. Description | F. Contractual Due Date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
| | | | | Beginning Balance | | $0.00 | | | | | | $185,489.05 | | $2,392.31 | $0.01 | $0.00 |
| 04/01/2017 | $1,773.32 | | | Regular Payment | 04/01/2017 | $1,773.32 | | | | | | $185,489.05 | | $2,392.31 | $0.01 | $0.00 |
| 04/03/2017 | | | $13.25 | Property Inspection | 04/01/2017 | $1,773.32 | | | | $13.25 | | $185,489.05 | | $2,392.31 | $13.26 | $0.00 |
| 04/14/2017 | | | $1,881.84 | Escrow Disbursement | 04/01/2017 | $1,773.32 | | | ($1,881.84) | | | $185,489.05 | | $510.47 | $13.26 | $0.00 |
| 04/17/2017 | | | $37.29 | Late Charge | 04/01/2017 | $1,773.32 | | | | $37.29 | | $185,489.05 | | $510.47 | $50.55 | $0.00 |
| 04/19/2017 | | | $191.17 | Escrow Disbursement | 04/01/2017 | $1,773.32 | | | ($191.17) | | | $185,489.05 | | $319.30 | $50.55 | $0.00 |
| 04/24/2017 | | | $128.64 | Escrow Disbursement | 04/01/2017 | $1,773.32 | | | ($128.64) | | | $185,489.05 | | $190.66 | $50.55 | $0.00 |
| 05/01/2017 | $1,773.32 | | | Regular Payment | 04/01/2017 | $3,546.64 | | | | | | $185,489.05 | | $190.66 | $50.55 | $0.00 |
| 05/17/2017 | | | $37.29 | Late Charge | 04/01/2017 | $3,546.64 | | | | $37.29 | | $185,489.05 | | $190.66 | $87.84 | $0.00 |
| 05/19/2017 | | | $191.17 | Escrow Disbursement | 04/01/2017 | $3,546.64 | | | ($191.17) | | | $185,489.05 | | ($0.51) | $87.84 | $0.00 |
| 05/24/2017 | | | $128.64 | Escrow Disbursement | 04/01/2017 | $3,546.64 | | | ($128.64) | | | $185,489.05 | | ($129.15) | $87.84 | $0.00 |
| 06/01/2017 | $1,773.32 | | | Regular Payment | 04/01/2017 | $5,319.96 | | | | | | $185,489.05 | | ($129.15) | $87.84 | $0.00 |
| 06/02/2017 | | | $14.50 | Property Inspection | 04/01/2017 | $5,319.96 | | | | $14.50 | | $185,489.05 | | ($129.15) | $102.34 | $0.00 |
| 06/07/2017 | | | $111.82 | Escrow Disbursement | 04/01/2017 | $5,319.96 | | | ($111.82) | | | $185,489.05 | | ($240.97) | $102.34 | $0.00 |
| 06/12/2017 | | | $2,000.00 | Escrow Disbursement | 04/01/2017 | $5,319.96 | | | ($2,000.00) | | | $185,489.05 | | ($2,240.97) | $102.34 | $0.00 |
| 06/13/2017 | | | | Escrow Credit | 04/01/2017 | $5,319.96 | | | $80.13 | | | $185,489.05 | | ($2,160.84) | $102.34 | $0.00 |
| 06/19/2017 | | | $37.29 | Late Charge | 04/01/2017 | $5,319.96 | | | | $37.29 | | $185,489.05 | | ($2,160.84) | $139.63 | $0.00 |
| 06/22/2017 | | | $10.00 | Escrow Disbursement | 04/01/2017 | $5,319.96 | | | ($10.00) | | | $185,489.05 | | ($2,170.84) | $139.63 | $0.00 |
| 06/29/2017 | | | $128.64 | Escrow Disbursement | 04/01/2017 | $5,319.96 | | | ($128.64) | | | $185,489.05 | | ($2,299.48) | $139.63 | $0.00 |
| 07/01/2017 | $1,786.56 | | | Regular Payment | 04/01/2017 | $7,106.52 | | | | | | $185,489.05 | | ($2,299.48) | $139.63 | $0.00 |
| 07/17/2017 | | | $37.29 | Late Charge | 04/01/2017 | $7,106.52 | | | | $37.29 | | $185,489.05 | | ($2,299.48) | $176.92 | $0.00 |
| 07/28/2017 | | | $128.64 | Escrow Disbursement | 04/01/2017 | $7,106.52 | | | ($128.64) | | | $185,489.05 | | ($2,428.12) | $176.92 | $0.00 |
| 07/28/2017 | | | $14.50 | Property Inspection | 04/01/2017 | $7,106.52 | | | | $14.50 | | $185,489.05 | | ($2,428.12) | $191.42 | $0.00 |
| 08/01/2017 | $1,944.61 | | | Regular Payment | 04/01/2017 | $9,051.13 | | | | | | $185,489.05 | | ($2,428.12) | $191.42 | $0.00 |
| 08/09/2017 | | | $1,880.20 | Escrow Disbursement | 04/01/2017 | $9,051.13 | | | ($1,880.20) | | | $185,489.05 | | ($4,308.32) | $191.42 | $0.00 |
| 08/24/2017 | | | $14.50 | Property Inspection | 04/01/2017 | $9,051.13 | | | | $14.50 | | $185,489.05 | | ($4,308.32) | $205.92 | $0.00 |
| 08/25/2017 | | | $128.64 | Escrow Disbursement | 04/01/2017 | $9,051.13 | | | ($128.64) | | | $185,489.05 | | ($4,436.96) | $205.92 | $0.00 |
| 08/31/2017 | | | $1,487.50 | Attorney Fees | 04/01/2017 | $9,051.13 | | | | $1,487.50 | | $185,489.05 | | ($4,436.96) | $1,693.42 | $0.00 |
| 08/31/2017 | | | $35.00 | Skip Trace | 04/01/2017 | $9,051.13 | | | | $35.00 | | $185,489.05 | | ($4,436.96) | $1,728.42 | $0.00 |
| 08/31/2017 | | | $250.00 | Filing Costs | 04/01/2017 | $9,051.13 | | | | $250.00 | | $185,489.05 | | ($4,436.96) | $1,978.42 | $0.00 |
| 08/31/2017 | | | $95.00 | Court Costs | 04/01/2017 | $9,051.13 | | | | $95.00 | | $185,489.05 | | ($4,436.96) | $2,073.42 | $0.00 |
| 09/01/2017 | $1,944.61 | | | Regular Payment | 04/01/2017 | $10,995.74 | | | | | | $185,489.05 | | ($4,436.96) | $2,073.42 | $0.00 |
| 09/12/2017 | | | $595.00 | Attorney Fees | 04/01/2017 | $10,995.74 | | | | $595.00 | | $185,489.05 | | ($4,436.96) | $2,668.42 | $0.00 |
| 09/12/2017 | | | $58.00 | Service Costs | 04/01/2017 | $10,995.74 | | | | $58.00 | | $185,489.05 | | ($4,436.96) | $2,726.42 | $0.00 |
| 09/27/2017 | | | $128.64 | Escrow Disbursement | 04/01/2017 | $10,995.74 | | | ($128.64) | | | $185,489.05 | | ($4,565.60) | $2,726.42 | $0.00 |
| 10/01/2017 | $1,944.61 | | | Regular Payment | 04/01/2017 | $12,940.35 | | | | | | $185,489.05 | | ($4,565.60) | $2,726.42 | $0.00 |

**Part 5 : Loan Payment History from First Date of Default**

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | **Account Activity** | | | | | **How Funds Were Applied/Amount Incurred** | | | | | **Balance After Amount Received or Incurred** | | | | | |
| A. Date | B. Contractual Payment Amount | C. Funds Received | D. Amount Incurred | E. Description | F. Contractual Due Date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
| 10/16/2017 | | | $1,880.20 | Escrow Disbursement | 04/01/2017 | $12,940.35 | | | ($1,880.20) | | | $185,489.05 | | ($6,445.80) | $2,726.42 | $0.00 |
| 10/24/2017 | | | $128.64 | Escrow Disbursement | 04/01/2017 | $12,940.35 | | | ($128.64) | | | $185,489.05 | | ($6,574.44) | $2,726.42 | $0.00 |
| 11/01/2017 | | $1,944.61 | | Regular Payment | 04/01/2017 | $14,884.96 | | | | | | $185,489.05 | | ($6,574.44) | $2,726.42 | $0.00 |
| 11/01/2017 | | | $14.50 | Property Inspection | 04/01/2017 | $14,884.96 | | | | $14.50 | | $185,489.05 | | ($6,574.44) | $2,740.92 | $0.00 |
| 11/23/2017 | | | $128.64 | Escrow Disbursement | 04/01/2017 | $14,884.96 | | | ($128.64) | | | $185,489.05 | | ($6,703.08) | $2,740.92 | $0.00 |
| 11/27/2017 | | | $400.00 | Attorney Fees | 04/01/2017 | $14,884.96 | | | | $400.00 | | $185,489.05 | | ($6,703.08) | $3,140.92 | $0.00 |
| 11/27/2017 | | | $46.50 | Recording Costs | 04/01/2017 | $14,884.96 | | | | $46.50 | | $185,489.05 | | ($6,703.08) | $3,187.42 | $0.00 |
| 11/27/2017 | | | $50.00 | Filing Costs | 04/01/2017 | $14,884.96 | | | | $50.00 | | $185,489.05 | | ($6,703.08) | $3,237.42 | $0.00 |
| 11/27/2017 | | | $95.00 | Court Costs | 04/01/2017 | $14,884.96 | | | | $95.00 | | $185,489.05 | | ($6,703.08) | $3,332.42 | $0.00 |
| 11/27/2017 | | | $95.00 | Court Costs | 04/01/2017 | $14,884.96 | | | | $95.00 | | $185,489.05 | | ($6,703.08) | $3,427.42 | $0.00 |
| 11/27/2017 | | | $21.25 | Statutory Mailings | 04/01/2017 | $14,884.96 | | | | $21.25 | | $185,489.05 | | ($6,703.08) | $3,448.67 | $0.00 |
| 12/01/2017 | | $1,873.56 | | Regular Payment | 04/01/2017 | $16,758.52 | | | | | | $185,489.05 | | ($6,703.08) | $3,448.67 | $0.00 |
| 12/22/2017 | | | $126.28 | Escrow Disbursement | 04/01/2017 | $16,758.52 | | | ($126.28) | | | $185,489.05 | | ($6,829.36) | $3,448.67 | $0.00 |
| 01/01/2018 | | $932.25 | | Regular Payment | 04/01/2017 | $17,690.77 | | | | | | $185,489.05 | | ($6,829.36) | $3,448.67 | $0.00 |
| 01/08/2018 | | | $14.50 | Property Inspection | 04/01/2017 | $17,690.77 | | | | $14.50 | | $185,489.05 | | ($6,829.36) | $3,463.17 | $0.00 |
| 01/24/2018 | | | $126.28 | Escrow Disbursement | 04/01/2017 | $17,690.77 | | | ($126.28) | | | $185,489.05 | | ($6,955.64) | $3,463.17 | $0.00 |
| 01/24/2018 | | | $1,906.02 | Escrow Disbursement | 04/01/2017 | $17,690.77 | | | ($1,906.02) | | | $185,489.05 | | ($8,861.66) | $3,463.17 | $0.00 |
| 02/01/2018 | | $1,960.82 | | Regular Payment | 04/01/2017 | $19,651.59 | | | | | | $185,489.05 | | ($8,861.66) | $3,463.17 | $0.00 |
| 02/13/2018 | | | $95.00 | Court Costs | 04/01/2017 | $19,651.59 | | | | $95.00 | | $185,489.05 | | ($8,861.66) | $3,558.17 | $0.00 |
| 02/13/2018 | | | $100.00 | Filing Costs | 04/01/2017 | $19,651.59 | | | | $100.00 | | $185,489.05 | | ($8,861.66) | $3,658.17 | $0.00 |
| 02/13/2018 | | | $16.41 | Statutory Mailings | 04/01/2017 | $19,651.59 | | | | $16.41 | | $185,489.05 | | ($8,861.66) | $3,674.58 | $0.00 |
| 02/28/2018 | | | $126.28 | Escrow Disbursement | 04/01/2017 | $19,651.59 | | | ($126.28) | | | $185,489.05 | | ($8,987.94) | $3,674.58 | $0.00 |
| 03/01/2018 | | $1,960.82 | | Regular Payment | 04/01/2017 | $21,612.41 | | | | | | $185,489.05 | | ($8,987.94) | $3,674.58 | $0.00 |
| 03/26/2018 | | | $126.28 | Escrow Disbursement | 04/01/2017 | $21,612.41 | | | ($126.28) | | | $185,489.05 | | ($9,114.22) | $3,674.58 | $0.00 |
| 04/01/2018 | | $1,960.82 | | Regular Payment | 04/01/2017 | $23,573.23 | | | | | | $185,489.05 | | ($9,114.22) | $3,674.58 | $0.00 |
| 04/02/2018 | | $1,773.32 | | Funds Received | 05/01/2017 | $21,799.91 | $275.31 | $656.94 | $841.07 | | | $185,213.74 | | ($8,273.15) | $3,674.58 | $0.00 |
| 04/17/2018 | | | $1,906.02 | Escrow Disbursement | 05/01/2017 | $21,799.91 | | | ($1,906.02) | | | $185,213.74 | | ($10,179.17) | $3,674.58 | $0.00 |
| 04/25/2018 | | | $126.28 | Escrow Disbursement | 05/01/2017 | $21,799.91 | | | ($126.28) | | | $185,213.74 | | ($10,305.45) | $3,674.58 | $0.00 |
| 05/01/2018 | | $1,960.82 | | Regular Payment | 05/01/2017 | $23,760.73 | | | | | | $185,213.74 | | ($10,305.45) | $3,674.58 | $0.00 |
| 05/01/2018 | | $1,773.32 | | Funds Received | 06/01/2017 | $21,987.41 | $276.28 | $655.97 | $841.07 | | | $184,937.46 | | ($9,464.38) | $3,674.58 | $0.00 |
| 05/17/2018 | | | $2,063.00 | Escrow Disbursement | 06/01/2017 | $21,987.41 | | | ($2,063.00) | | | $184,937.46 | | ($11,527.38) | $3,674.58 | $0.00 |
| 05/23/2018 | | | $126.28 | Escrow Disbursement | 06/01/2017 | $21,987.41 | | | ($126.28) | | | $184,937.46 | | ($11,653.66) | $3,674.58 | $0.00 |
| 05/31/2018 | | $1,773.32 | | Funds Received | 07/01/2017 | $20,214.09 | $277.26 | $654.99 | $841.07 | | | $184,660.20 | | ($10,812.59) | $3,674.58 | $0.00 |
| 06/01/2018 | | $1,960.82 | | Regular Payment | 07/01/2017 | $22,174.91 | | | | | | $184,660.20 | | ($10,812.59) | $3,674.58 | $0.00 |
| 06/21/2018 | | | $126.28 | Escrow Disbursement | 07/01/2017 | $22,174.91 | | | ($126.28) | | | $184,660.20 | | ($10,938.87) | $3,674.58 | $0.00 |
| 07/01/2018 | | $1,960.82 | | Regular Payment | 07/01/2017 | $24,135.73 | | | | | | $184,660.20 | | ($10,938.87) | $3,674.58 | $0.00 |
| 07/26/2018 | | | $126.28 | Escrow Disbursement | 07/01/2017 | $24,135.73 | | | ($126.28) | | | $184,660.20 | | ($11,065.15) | $3,674.58 | $0.00 |
| 08/01/2018 | | $1,960.82 | | Regular Payment | 07/01/2017 | $26,096.55 | | | | | | $184,660.20 | | ($11,065.15) | $3,674.58 | $0.00 |
| 08/06/2018 | | | $1,908.00 | Escrow Disbursement | 07/01/2017 | $26,096.55 | | | ($1,908.00) | | | $184,660.20 | | ($12,973.15) | $3,674.58 | $0.00 |
| 09/01/2018 | | $1,960.82 | | Regular Payment | 07/01/2017 | $28,057.37 | | | | | | $184,660.20 | | ($12,973.15) | $3,674.58 | $0.00 |
| 09/04/2018 | | | $126.28 | Escrow Disbursement | 07/01/2017 | $28,057.37 | | | ($126.28) | | | $184,660.20 | | ($13,099.43) | $3,674.58 | $0.00 |
| 10/01/2018 | | $1,960.82 | | Regular Payment | 07/01/2017 | $30,018.19 | | | | | | $184,660.20 | | ($13,099.43) | $3,674.58 | $0.00 |
| 10/08/2018 | | | $126.28 | Escrow Disbursement | 07/01/2017 | $30,018.19 | | | ($126.28) | | | $184,660.20 | | ($13,225.71) | $3,674.58 | $0.00 |
| 10/16/2018 | | $7,093.28 | | Funds Received | 07/01/2017 | $30,018.19 | | | | | $7,093.28 | $184,660.20 | | ($13,225.71) | $3,674.58 | $7,093.28 |
| 10/22/2018 | | | $1,908.00 | Escrow Disbursement | 07/01/2017 | $30,018.19 | | | ($1,908.00) | | | $184,660.20 | | ($15,133.71) | $3,674.58 | $7,093.28 |
| 11/01/2018 | | $1,873.56 | | Regular Payment | 07/01/2017 | $31,891.75 | | | | | | $184,660.20 | | ($15,133.71) | $3,674.58 | $7,093.28 |
| 11/07/2018 | | | $126.28 | Escrow Disbursement | 07/01/2017 | $31,891.75 | | | ($126.28) | | | $184,660.20 | | ($15,259.99) | $3,674.58 | $7,093.28 |
| 12/01/2018 | | $1,873.56 | | Regular Payment | 07/01/2017 | $33,765.31 | | | | | | $184,660.20 | | ($15,259.99) | $3,674.58 | $7,093.28 |
| 12/03/2018 | | | $126.28 | Escrow Disbursement | 07/01/2017 | $33,765.31 | | | ($126.28) | | | $184,660.20 | | ($15,386.27) | $3,674.58 | $7,093.28 |
| 12/28/2018 | | | $123.81 | Escrow Disbursement | 07/01/2017 | $33,765.31 | | | ($123.81) | | | $184,660.20 | | ($15,510.08) | $3,674.58 | $7,093.28 |

# EXHIBIT A

**Part 5 : Loan Payment History from First Date of Default**

| | Account Activity | | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | | |
| A. Date | B. Contractual Payment Amount | C. Funds Received | D. Amount Incurred | E. Description | F. Contractual Due Date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/01/2019 | 932.25 | | | Regular Payment | 07/01/2017 | $34,697.56 | | | | | | $184,660.20 | | ($15,510.08) | $3,674.58 | $7,093.28 |
| 01/18/2019 | | | $35.00 | Title Costs | 07/01/2017 | $34,697.56 | | | | $35.00 | | $184,660.20 | | ($15,510.08) | $3,709.58 | $7,093.28 |
| 01/18/2019 | | | $1,000.00 | Sheriff Costs | 07/01/2017 | $34,697.56 | | | | $1,000.00 | | $184,660.20 | | ($15,510.08) | $4,709.58 | $7,093.28 |
| 01/22/2019 | | | $310.00 | Appraisal/BPO | 07/01/2017 | $34,697.56 | | | | $310.00 | | $184,660.20 | | ($15,510.08) | $5,019.58 | $7,093.28 |
| 01/23/2019 | | | $1,910.93 | Escrow Disbursement | 07/01/2017 | $34,697.56 | | | ($1,910.93) | | | $184,660.20 | | ($17,421.01) | $5,019.58 | $7,093.28 |
| 01/24/2019 | | | $123.81 | Escrow Disbursement | 07/01/2017 | $34,697.56 | | | ($123.81) | | | $184,660.20 | | ($17,544.82) | $5,019.58 | $7,093.28 |
| 01/25/2019 | | | $123.81 | Escrow Disbursement | 07/01/2017 | $34,697.56 | | | ($123.81) | | | $184,660.20 | | ($17,668.63) | $5,019.58 | $7,093.28 |
| 01/30/2019 | | | $21.68 | Statutory Mailings | 07/01/2017 | $34,697.56 | | | | $21.68 | | $184,660.20 | | ($17,668.63) | $5,041.26 | $7,093.28 |
| 02/01/2019 | 932.25 | | | Regular Payment | 07/01/2017 | $35,629.81 | | | | | | $184,660.20 | | ($17,668.63) | $5,041.26 | $7,093.28 |
| 02/05/2019 | | | $14.50 | Property Inspection | 07/01/2017 | $35,629.81 | | | | $14.50 | | $184,660.20 | | ($17,668.63) | $5,055.76 | $7,093.28 |
| 03/01/2019 | 1,874.96 | | | Regular Payment | 07/01/2017 | $37,504.77 | | | | | | $184,660.20 | | ($17,668.63) | $5,055.76 | $7,093.28 |
| 03/04/2019 | | | $123.81 | Escrow Disbursement | 07/01/2017 | $37,504.77 | | | ($123.81) | | | $184,660.20 | | ($17,792.44) | $5,055.76 | $7,093.28 |
| 03/11/2019 | | | $250.00 | Attorney Fees | 07/01/2017 | $37,504.77 | | | | $250.00 | | $184,660.20 | | ($17,792.44) | $5,305.76 | $7,093.28 |
| 03/11/2019 | | | $17.70 | Statutory Mailings | 07/01/2017 | $37,504.77 | | | | $17.70 | | $184,660.20 | | ($17,792.44) | $5,323.46 | $7,093.28 |
| 03/27/2019 | | | $20.00 | Property Inspection | 07/01/2017 | $37,504.77 | | | | $20.00 | | $184,660.20 | | ($17,792.44) | $5,343.46 | $7,093.28 |
| 04/01/2019 | 1,874.96 | | | Regular Payment | 07/01/2017 | $39,379.73 | | | | | | $184,660.20 | | ($17,792.44) | $5,343.46 | $7,093.28 |
| 04/09/2019 | | 2,120.03 | | Funds Received | 07/01/2017 | $39,379.73 | | | | | $2,120.03 | $184,660.20 | | ($17,792.44) | $5,343.46 | $9,213.31 |
| 04/09/2019 | | | | Payment from Suspense | 08/01/2017 | $37,593.17 | $278.25 | $654.00 | $854.31 | | ($1,786.56) | $184,381.95 | | ($16,938.13) | $5,343.46 | $7,426.75 |
| 04/09/2019 | | | | Payment from Suspense | 09/01/2017 | $35,648.56 | $279.23 | $653.02 | $1,012.36 | | ($1,944.61) | $184,102.72 | | ($15,925.77) | $5,343.46 | $5,482.14 |
| 04/09/2019 | | | | Payment from Suspense | 10/01/2017 | $33,703.95 | $280.22 | $652.03 | $1,012.36 | | ($1,944.61) | $183,822.50 | | ($14,913.41) | $5,343.46 | $3,537.53 |
| 04/09/2019 | | | | Payment from Suspense | 11/01/2017 | $31,759.34 | $281.21 | $651.04 | $1,012.36 | | ($1,944.61) | $183,541.29 | | ($13,901.05) | $5,343.46 | $1,592.92 |
| 04/16/2019 | | | $1,910.92 | Escrow Disbursement | 11/01/2017 | $31,759.34 | | | ($1,910.92) | | | $183,541.29 | | ($15,811.97) | $5,343.46 | $1,592.92 |
| 04/26/2019 | | | $16.80 | Statutory Mailings | 11/01/2017 | $31,759.34 | | | | $16.80 | | $183,541.29 | | ($15,811.97) | $5,360.26 | $1,592.92 |
| 04/26/2019 | | | $16.80 | Statutory Mailings | 11/01/2017 | $31,759.34 | | | | $16.80 | | $183,541.29 | | ($15,811.97) | $5,377.06 | $1,592.92 |
| 05/01/2019 | 1,874.96 | | | Regular Payment | 11/01/2017 | $33,634.30 | | | | | | $183,541.29 | | ($15,811.97) | $5,377.06 | $1,592.92 |
| 05/03/2019 | | | $123.81 | Escrow Disbursement | 11/01/2017 | $33,634.30 | | | ($123.81) | | | $183,541.29 | | ($15,935.78) | $5,377.06 | $1,592.92 |
| 05/16/2019 | | | $2,163.00 | Escrow Disbursement | 11/01/2017 | $33,634.30 | | | ($2,163.00) | | | $183,541.29 | | ($18,098.78) | $5,377.06 | $1,592.92 |
| 05/16/2019 | | 2,120.03 | | Funds Received | 11/01/2017 | $33,634.30 | | | | | $2,120.03 | $183,541.29 | | ($18,098.78) | $5,377.06 | $3,712.95 |
| 05/16/2019 | | | | Payment from Suspense | 12/01/2017 | $31,689.69 | $282.21 | $650.04 | $1,012.36 | | ($1,944.61) | $183,259.08 | | ($17,086.42) | $5,377.06 | $1,768.34 |
| 06/01/2019 | 1,874.96 | | | Regular Payment | 12/01/2017 | $33,564.65 | | | | | | $183,259.08 | | ($17,086.42) | $5,377.06 | $1,768.34 |
| 06/07/2019 | | | $123.81 | Escrow Disbursement | 12/01/2017 | $33,564.65 | | | ($123.81) | | | $183,259.08 | | ($17,210.23) | $5,377.06 | $1,768.34 |
| 07/01/2019 | 1,874.96 | | | Regular Payment | 12/01/2017 | $35,439.61 | | | | | | $183,259.08 | | ($17,210.23) | $5,377.06 | $1,768.34 |
| 07/05/2019 | | | $123.81 | Escrow Disbursement | 12/01/2017 | $35,439.61 | | | ($123.81) | | | $183,259.08 | | ($17,334.04) | $5,377.06 | $1,768.34 |
| 07/30/2019 | | | $1,912.55 | Escrow Disbursement | 12/01/2017 | $35,439.61 | | | ($1,912.55) | | | $183,259.08 | | ($19,246.59) | $5,377.06 | $1,768.34 |
| 08/01/2019 | 932.25 | | | Regular Payment | 12/01/2017 | $36,371.86 | | | | | | $183,259.08 | | ($19,246.59) | $5,377.06 | $1,768.34 |
| 08/07/2019 | | | $123.81 | Escrow Disbursement | 12/01/2017 | $36,371.86 | | | ($123.81) | | | $183,259.08 | | ($19,370.40) | $5,377.06 | $1,768.34 |
| 08/12/2019 | | | $20.00 | Property Inspection | 12/01/2017 | $36,371.86 | | | | $20.00 | | $183,259.08 | | ($19,370.40) | $5,397.06 | $1,768.34 |
| 09/01/2019 | 1,873.56 | | | Regular Payment | 12/01/2017 | $38,245.42 | | | | | | $183,259.08 | | ($19,370.40) | $5,397.06 | $1,768.34 |
| 09/06/2019 | | | $123.81 | Escrow Disbursement | 12/01/2017 | $38,245.42 | | | ($123.81) | | | $183,259.08 | | ($19,494.21) | $5,397.06 | $1,768.34 |
| 09/16/2019 | | 1,631.45 | | Funds Received | 12/01/2017 | $38,245.42 | | | | | $1,631.45 | $183,259.08 | | ($19,494.21) | $5,397.06 | $3,399.79 |
| 10/01/2019 | 1,873.56 | | | Regular Payment | 12/01/2017 | $40,118.98 | | | | | | $183,259.08 | | ($19,494.21) | $5,397.06 | $3,399.79 |
| 10/07/2019 | | | $123.81 | Escrow Disbursement | 12/01/2017 | $40,118.98 | | | ($123.81) | | | $183,259.08 | | ($19,618.02) | $5,397.06 | $3,399.79 |
| 10/10/2019 | | | $150.00 | Bankruptcy Fee | 12/01/2017 | $40,118.98 | | | | $150.00 | | $183,259.08 | | ($19,618.02) | $5,547.06 | $3,399.79 |
| 10/15/2019 | | 1,631.45 | | Funds Received | 12/01/2017 | $40,118.98 | | | | | $1,631.45 | $183,259.08 | | ($19,618.02) | $5,547.06 | $5,031.24 |
| 10/16/2019 | | | | Payment from Suspense | 01/01/2018 | $38,245.42 | $283.21 | $649.04 | $941.31 | | ($1,873.56) | $182,975.87 | | ($18,676.71) | $5,547.06 | $3,157.68 |
| 10/22/2019 | | | $1,912.54 | Escrow Disbursement | 01/01/2018 | $38,245.42 | | | ($1,912.54) | | | $182,975.87 | | ($20,589.25) | $5,547.06 | $3,157.68 |
| 10/23/2019 | | | | Payment from Suspense | 02/01/2018 | $37,313.17 | $284.21 | $648.04 | | | ($932.25) | $182,691.66 | | ($20,589.25) | $5,547.06 | $2,225.43 |
| 10/28/2019 | | | $500.00 | Bankruptcy Fee | 02/01/2018 | $37,313.17 | | | | $500.00 | | $182,691.66 | | ($20,589.25) | $6,047.06 | $2,225.43 |
| 11/01/2019 | 1,873.56 | | | Regular Payment | 02/01/2018 | $39,186.73 | | | | | | $182,691.66 | | ($20,589.25) | $6,047.06 | $2,225.43 |
| 11/05/2019 | | | $123.81 | Escrow Disbursement | 02/01/2018 | $39,186.73 | | | ($123.81) | | | $182,691.66 | | ($20,713.06) | $6,047.06 | $2,225.43 |

**Part 5 : Loan Payment History from First Date of Default**

| | Account Activity | | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. Date | B. Contractual Payment Amount | C. Funds Received | D. Amount Incurred | E. Description | F. Contractual Due Date | G. Prin, Int & esc past due | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
| 11/06/2019 | | | $250.00 | Bankruptcy Fee | 02/01/2018 | $39,186.73 | | | | $250.00 | | $182,691.66 | | ($20,713.06) | $6,297.06 | $2,225.43 |
| 11/06/2019 | | | $500.00 | Bankruptcy Fee | 02/01/2018 | $39,186.73 | | | | $500.00 | | $182,691.66 | | ($20,713.06) | $6,797.06 | $2,225.43 |
| 12/01/2019 | $1,873.56 | | | Regular Payment | 02/01/2018 | $41,060.29 | | | | | | $182,691.66 | | ($20,713.06) | $6,797.06 | $2,225.43 |
| 12/02/2019 | | $2,060.53 | | Funds Received | 02/01/2018 | $41,060.29 | | | | | $2,060.53 | $182,691.66 | | ($20,713.06) | $6,797.06 | $4,285.96 |
| 12/02/2019 | | | | Payment from Suspense | 03/01/2018 | $39,099.47 | $285.22 | $647.03 | $1,028.57 | | ($1,960.82) | $182,406.44 | | ($19,684.49) | $6,797.06 | $2,325.14 |
| 12/02/2019 | | | | Payment from Suspense | 04/01/2018 | $37,138.65 | $286.23 | $646.02 | $1,028.57 | | ($1,960.82) | $182,120.21 | | ($18,655.92) | $6,797.06 | $364.32 |
| 12/05/2019 | | | $123.81 | Escrow Disbursement | 04/01/2018 | $37,138.65 | | | ($123.81) | | | $182,120.21 | | ($18,779.73) | $6,797.06 | $364.32 |
| 01/01/2020 | $1,873.56 | | | Regular Payment | 04/01/2018 | $39,012.21 | | | | | | $182,120.21 | | ($18,779.73) | $6,797.06 | $364.32 |
| 01/02/2020 | | $2,060.53 | | Funds Received | 04/01/2018 | $39,012.21 | | | | | $2,060.53 | $182,120.21 | | ($18,779.73) | $6,797.06 | $2,424.85 |
| 01/02/2020 | | | | Payment from Suspense | 05/01/2018 | $37,051.39 | $287.24 | $645.01 | $1,028.57 | | ($1,960.82) | $181,832.97 | | ($17,751.16) | $6,797.06 | $464.03 |
| 01/03/2020 | | | $121.23 | Escrow Disbursement | 05/01/2018 | $37,051.39 | | | ($121.23) | | | $181,832.97 | | ($17,872.39) | $6,797.06 | $464.03 |
| 01/21/2020 | | | $1,911.33 | Escrow Disbursement | 05/01/2018 | $37,051.39 | | | ($1,911.33) | | | $181,832.97 | | ($19,783.72) | $6,797.06 | $464.03 |
| 02/01/2020 | $1,873.56 | | | Regular Payment | 05/01/2018 | $38,924.95 | | | | | | $181,832.97 | | ($19,783.72) | $6,797.06 | $464.03 |
| 02/04/2020 | | $2,060.53 | | Funds Received | 05/01/2018 | $38,924.95 | | | | | $2,060.53 | $181,832.97 | | ($19,783.72) | $6,797.06 | $2,524.56 |
| 02/04/2020 | | | | Payment from Suspense | 06/01/2018 | $36,964.13 | $288.26 | $643.99 | $1,028.57 | | ($1,960.82) | $181,544.71 | | ($18,755.15) | $6,797.06 | $563.74 |
| 02/05/2020 | | | $121.23 | Escrow Disbursement | 06/01/2018 | $36,964.13 | | | ($121.23) | | | $181,544.71 | | ($18,876.38) | $6,797.06 | $563.74 |
| 03/01/2020 | $1,873.56 | | | Regular Payment | 06/01/2018 | $38,837.69 | | | | | | $181,544.71 | | ($18,876.38) | $6,797.06 | $563.74 |
| 03/05/2020 | | | $121.23 | Escrow Disbursement | 06/01/2018 | $38,837.69 | | | ($121.23) | | | $181,544.71 | | ($18,997.61) | $6,797.06 | $563.74 |
| 03/06/2020 | | $2,060.53 | | Funds Received | 06/01/2018 | $38,837.69 | | | | | $2,060.53 | $181,544.71 | | ($18,997.61) | $6,797.06 | $2,624.27 |
| 03/31/2020 | | | | Sheriff Costs | 06/01/2018 | $38,837.69 | | | | ($1.38) | | $181,544.71 | | ($18,997.61) | $6,795.68 | $2,624.27 |
| 04/01/2020 | $1,873.56 | | | Regular Payment | 06/01/2018 | $40,711.25 | | | | | | $181,544.71 | | ($18,997.61) | $6,795.68 | $2,624.27 |
| 04/01/2020 | | $2,060.53 | | Funds Received | 06/01/2018 | $40,711.25 | | | | | $2,060.53 | $181,544.71 | | ($18,997.61) | $6,795.68 | $4,684.80 |
| 04/03/2020 | | | $121.23 | Escrow Disbursement | 06/01/2018 | $40,711.25 | | | ($121.23) | | | $181,544.71 | | ($19,118.84) | $6,795.68 | $4,684.80 |
| 04/15/2020 | | $256.86 | | Funds Received | 06/01/2018 | $40,711.25 | | | | | $256.86 | $181,544.71 | | ($19,118.84) | $6,795.68 | $4,941.66 |
| 04/21/2020 | | | $1,911.33 | Escrow Disbursement | 06/01/2018 | $40,711.25 | | | ($1,911.33) | | | $181,544.71 | | ($21,030.17) | $6,795.68 | $4,941.66 |
| 05/01/2020 | $1,873.56 | | | Regular Payment | 06/01/2018 | $42,584.81 | | | | | | $181,544.71 | | ($21,030.17) | $6,795.68 | $4,941.66 |
| 05/06/2020 | | | $121.23 | Escrow Disbursement | 06/01/2018 | $42,584.81 | | | ($121.23) | | | $181,544.71 | | ($21,151.40) | $6,795.68 | $4,941.66 |
| 05/14/2020 | | $2,120.03 | | Funds Received | 06/01/2018 | $42,584.81 | | | | | $2,120.03 | $181,544.71 | | ($21,151.40) | $6,795.68 | $7,061.69 |
| 05/26/2020 | | ($2,120.03) | | Payment Returned NSF | 06/01/2018 | $42,584.81 | | | | | ($2,120.03) | $181,544.71 | | ($21,151.40) | $6,795.68 | $4,941.66 |
| 05/29/2020 | | | $2,221.00 | Escrow Disbursement | 06/01/2018 | $42,584.81 | | | ($2,221.00) | | | $181,544.71 | | ($23,372.40) | $6,795.68 | $4,941.66 |
| 06/01/2020 | $1,873.56 | | | Regular Payment | 06/01/2018 | $44,458.37 | | | | | | $181,544.71 | | ($23,372.40) | $6,795.68 | $4,941.66 |
| 06/05/2020 | | | $121.23 | Escrow Disbursement | 06/01/2018 | $44,458.37 | | | ($121.23) | | | $181,544.71 | | ($23,493.63) | $6,795.68 | $4,941.66 |
| 06/16/2020 | | $2,060.19 | | Funds Received | 06/01/2018 | $44,458.37 | | | | | $2,060.19 | $181,544.71 | | ($23,493.63) | $6,795.68 | $7,001.85 |
| 07/01/2020 | $1,873.56 | | | Regular Payment | 06/01/2018 | $46,331.93 | | | | | | $181,544.71 | | ($23,493.63) | $6,795.68 | $7,001.85 |
| 07/08/2020 | | | $121.23 | Escrow Disbursement | 06/01/2018 | $46,331.93 | | | ($121.23) | | | $181,544.71 | | ($23,614.86) | $6,795.68 | $7,001.85 |
| 07/14/2020 | | $2,060.19 | | Funds Received | 06/01/2018 | $46,331.93 | | | | | $2,060.19 | $181,544.71 | | ($23,614.86) | $6,795.68 | $9,062.04 |
| 07/31/2020 | | | $1,914.03 | Escrow Disbursement | 06/01/2018 | $46,331.93 | | | ($1,914.03) | | | $181,544.71 | | ($25,528.89) | $6,795.68 | $9,062.04 |
| 08/01/2020 | $1,873.56 | | | Regular Payment | 06/01/2018 | $48,205.49 | | | | | | $181,544.71 | | ($25,528.89) | $6,795.68 | $9,062.04 |
| 08/07/2020 | | | $121.23 | Escrow Disbursement | 06/01/2018 | $48,205.49 | | | ($121.23) | | | $181,544.71 | | ($25,650.12) | $6,795.68 | $9,062.04 |
| 08/19/2020 | | $2,060.19 | | Funds Received | 06/01/2018 | $48,205.49 | | | | | $2,060.19 | $181,544.71 | | ($25,650.12) | $6,795.68 | $11,122.23 |
| 08/27/2020 | | ($2,060.19) | | Payment Returned NSF | 06/01/2018 | $48,205.49 | | | | | ($2,060.19) | $181,544.71 | | ($25,650.12) | $6,795.68 | $9,062.04 |
| 09/01/2020 | $1,873.56 | | | Regular Payment | 06/01/2018 | $50,079.05 | | | | | | $181,544.71 | | ($25,650.12) | $6,795.68 | $9,062.04 |
| 09/04/2020 | | | $121.23 | Escrow Disbursement | 06/01/2018 | $50,079.05 | | | ($121.23) | | | $181,544.71 | | ($25,771.35) | $6,795.68 | $9,062.04 |
| 10/01/2020 | $1,873.56 | | | Regular Payment | 06/01/2018 | $51,952.61 | | | | | | $181,544.71 | | ($25,771.35) | $6,795.68 | $9,062.04 |
| 10/07/2020 | | | $121.23 | Escrow Disbursement | 06/01/2018 | $51,952.61 | | | ($121.23) | | | $181,544.71 | | ($25,892.58) | $6,795.68 | $9,062.04 |
| 10/29/2020 | | | $1,914.03 | Escrow Disbursement | 06/01/2018 | $51,952.61 | | | ($1,914.03) | | | $181,544.71 | | ($27,806.61) | $6,795.68 | $9,062.04 |
| 11/01/2020 | $1,873.56 | | | Regular Payment | 06/01/2018 | $53,826.17 | | | | | | $181,544.71 | | ($27,806.61) | $6,795.68 | $9,062.04 |
| 11/06/2020 | | | $121.23 | Escrow Disbursement | 06/01/2018 | $53,826.17 | | | ($121.23) | | | $181,544.71 | | ($27,927.84) | $6,795.68 | $9,062.04 |
| 12/01/2020 | $1,873.56 | | | Regular Payment | 06/01/2018 | $55,699.73 | | | | | | $181,544.71 | | ($27,927.84) | $6,795.68 | $9,062.04 |
| 12/04/2020 | | $2,060.19 | | Funds Received | 06/01/2018 | $55,699.73 | | | | | $2,060.19 | $181,544.71 | | ($27,927.84) | $6,795.68 | $11,122.23 |

**Part 5 : Loan Payment History from First Date of Default**

| | Account Activity | | | | | How Funds Were Applied/Amount Incurred | | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. Date | B. Contractual Payment Amount | C. Funds Received | D. Amount Incurred | E. Description | F. Contractual Due Date | G. Prin, Int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
| 12/04/2020 | | | $121.23 | Escrow Disbursement | 06/01/2018 | $55,699.73 | | | ($121.23) | | | $181,544.71 | | ($28,049.07) | $6,795.68 | $11,122.23 |
| 01/01/2021 | $1,873.56 | | | Regular Payment | 06/01/2018 | $57,573.29 | | | | | | $181,544.71 | | ($28,049.07) | $6,795.68 | $11,122.23 |
| 01/05/2021 | | | $118.55 | Escrow Disbursement | 06/01/2018 | $57,573.29 | | | ($118.55) | | | $181,544.71 | | ($28,167.62) | $6,795.68 | $11,122.23 |
| 01/14/2021 | | | | Payment from Suspense | 07/01/2018 | $55,612.47 | $289.28 | $642.97 | $1,028.57 | | ($1,960.82) | $181,255.43 | | ($27,139.05) | $6,795.68 | $9,161.41 |
| 01/14/2021 | | | | Payment from Suspense | 08/01/2018 | $53,651.65 | $290.30 | $641.95 | $1,028.57 | | ($1,960.82) | $180,965.13 | | ($26,110.48) | $6,795.68 | $7,200.59 |
| 01/14/2021 | | | | Payment from Suspense | 09/01/2018 | $51,690.83 | $291.33 | $640.92 | $1,028.57 | | ($1,960.82) | $180,673.80 | | ($25,081.91) | $6,795.68 | $5,239.77 |
| 01/14/2021 | | | | Payment from Suspense | 10/01/2018 | $49,730.01 | $292.36 | $639.89 | $1,028.57 | | ($1,960.82) | $180,381.44 | | ($24,053.34) | $6,795.68 | $3,278.95 |
| 01/14/2021 | | | | Payment from Suspense | 11/01/2018 | $47,769.19 | $293.40 | $638.85 | $1,028.57 | | ($1,960.82) | $180,088.04 | | ($23,024.77) | $6,795.68 | $1,318.13 |
| 01/29/2021 | | | $1,914.80 | Escrow Disbursement | 11/01/2018 | $47,769.19 | | | ($1,914.80) | | | $180,088.04 | | ($24,939.57) | $6,795.68 | $1,318.13 |
| 02/01/2021 | $1,873.56 | | | Regular Payment | 11/01/2018 | $49,642.75 | | | | | | $180,088.04 | | ($24,939.57) | $6,795.68 | $1,318.13 |
| 02/04/2021 | | | $118.55 | Escrow Disbursement | 11/01/2018 | $49,642.75 | | | ($118.55) | | | $180,088.04 | | ($25,058.12) | $6,795.68 | $1,318.13 |
| 02/19/2021 | | | | Account Adjustment | 11/01/2018 | $49,642.75 | | | ($785.34) | | $785.34 | $180,088.04 | | ($25,843.46) | $6,795.68 | $2,103.47 |
| 03/01/2021 | $1,873.56 | | | Regular Payment | 11/01/2018 | $51,516.31 | | | | | | $180,088.04 | | ($25,843.46) | $6,795.68 | $2,103.47 |
| 03/04/2021 | | | $118.55 | Escrow Disbursement | 11/01/2018 | $51,516.31 | | | ($118.55) | | | $180,088.04 | | ($25,962.01) | $6,795.68 | $2,103.47 |
| 04/01/2021 | $1,873.56 | | | Regular Payment | 11/01/2018 | $53,389.87 | | | | | | $180,088.04 | | ($25,962.01) | $6,795.68 | $2,103.47 |
| 04/02/2021 | | | $118.55 | Escrow Disbursement | 11/01/2018 | $53,389.87 | | | ($118.55) | | | $180,088.04 | | ($26,080.56) | $6,795.68 | $2,103.47 |
| 04/19/2021 | | $2,060.19 | | Funds Received | 11/01/2018 | $53,389.87 | | | | | $2,060.19 | $180,088.04 | | ($26,080.56) | $6,795.68 | $4,163.66 |
| 04/19/2021 | | $2,060.19 | | Funds Received | 11/01/2018 | $53,389.87 | | | | | $2,060.19 | $180,088.04 | | ($26,080.56) | $6,795.68 | $6,223.85 |
| 04/19/2021 | | $2,060.19 | | Funds Received | 11/01/2018 | $53,389.87 | | | | | $2,060.19 | $180,088.04 | | ($26,080.56) | $6,795.68 | $8,284.04 |
| 04/20/2021 | | | | Payment from Suspense | 12/01/2018 | $51,516.31 | $294.44 | $637.81 | $941.31 | | ($1,873.56) | $179,793.60 | | ($25,139.25) | $6,795.68 | $6,410.48 |
| 04/21/2021 | | | | Payment from Suspense | 01/01/2019 | $49,642.75 | $295.48 | $636.77 | $941.31 | | ($1,873.56) | $179,498.12 | | ($24,197.94) | $6,795.68 | $4,536.92 |
| 04/21/2021 | | | $1,914.79 | Escrow Disbursement | 01/01/2019 | $49,642.75 | | | ($1,914.79) | | | $179,498.12 | | ($26,112.73) | $6,795.68 | $4,536.92 |
| 04/22/2021 | | | | Payment from Suspense | 02/01/2019 | $47,769.19 | $296.53 | $635.72 | $941.31 | | ($1,873.56) | $179,201.59 | | ($25,171.42) | $6,795.68 | $2,663.36 |
| 04/27/2021 | | | | Reversal | 01/01/2019 | $49,642.75 | ($296.53) | ($635.72) | ($941.31) | | $1,873.56 | $179,498.12 | | ($26,112.73) | $6,795.68 | $4,536.92 |
| 04/27/2021 | | | | Reversal | 12/01/2018 | $51,516.31 | ($295.48) | ($636.77) | ($941.31) | | $1,873.56 | $179,793.60 | | ($27,054.04) | $6,795.68 | $6,410.48 |
| 04/27/2021 | | | | Reversal | 11/01/2018 | $53,389.87 | ($294.44) | ($637.81) | ($941.31) | | $1,873.56 | $180,088.04 | | ($27,995.35) | $6,795.68 | $8,284.04 |
| 04/27/2021 | ($2,060.19) | | | Payment Returned NSF | 11/01/2018 | $53,389.87 | | | | | ($2,060.19) | $180,088.04 | | ($27,995.35) | $6,795.68 | $6,223.85 |
| 05/01/2021 | $1,873.56 | | | Regular Payment | 11/01/2018 | $55,263.43 | | | | | | $180,088.04 | | ($27,995.35) | $6,795.68 | $6,223.85 |
| 05/04/2021 | | | $118.55 | Escrow Disbursement | 11/01/2018 | $55,263.43 | | | ($118.55) | | | $180,088.04 | | ($28,113.90) | $6,795.68 | $6,223.85 |
| 05/05/2021 | | | | Payment from Suspense | 12/01/2018 | $51,516.31 | $294.44 | $637.81 | $941.31 | | ($1,873.56) | $179,793.60 | | ($27,172.59) | $6,795.68 | $4,350.29 |
| 05/06/2021 | | | | Payment from Suspense | 01/01/2019 | $51,516.31 | $295.48 | $636.77 | $941.31 | | ($1,873.56) | $179,498.12 | | ($26,231.28) | $6,795.68 | $2,476.73 |
| 05/07/2021 | | | $350.00 | Bankruptcy Fee | 01/01/2019 | $51,516.31 | | | | $350.00 | | $179,498.12 | | ($26,231.28) | $7,145.68 | $2,476.73 |
| 05/07/2021 | | | $188.00 | Bankruptcy Cost | 01/01/2019 | $51,516.31 | | | | $188.00 | | $179,498.12 | | ($26,231.28) | $7,333.68 | $2,476.73 |
| 05/17/2021 | | $58.54 | | Funds Received | 01/01/2019 | $51,516.31 | | | | | $58.54 | $179,498.12 | | ($26,231.28) | $7,333.68 | $2,535.27 |
| 05/24/2021 | | | $2,241.00 | Escrow Disbursement | 01/01/2019 | $51,516.31 | | | ($2,241.00) | | | $179,498.12 | | ($28,472.28) | $7,333.68 | $2,535.27 |
| 06/01/2021 | $1,873.56 | | | Regular Payment | 01/01/2019 | $53,389.87 | | | | | | $179,498.12 | | ($28,472.28) | $7,333.68 | $2,535.27 |
| 06/04/2021 | | | $118.55 | Escrow Disbursement | 01/01/2019 | $53,389.87 | | | ($118.55) | | | $179,498.12 | | ($28,590.83) | $7,333.68 | $2,535.27 |
| 07/01/2021 | $1,873.56 | | | Regular Payment | 01/01/2019 | $55,263.43 | | | | | | $179,498.12 | | ($28,590.83) | $7,333.68 | $2,535.27 |
| 07/02/2021 | | | $118.55 | Escrow Disbursement | 01/01/2019 | $55,263.43 | | | ($118.55) | | | $179,498.12 | | ($28,709.38) | $7,333.68 | $2,535.27 |
| 07/13/2021 | | | | Payment from Suspense | 02/01/2019 | $54,331.18 | $296.53 | $635.72 | | | ($932.25) | $179,201.59 | | ($28,709.38) | $7,333.68 | $1,603.02 |
| 07/14/2021 | | | | Payment from Suspense | 03/01/2019 | $53,398.93 | $297.58 | $634.67 | | | ($932.25) | $178,904.01 | | ($28,709.38) | $7,333.68 | $670.77 |
| 07/21/2021 | | $39.56 | | Funds Received | 03/01/2019 | $53,398.93 | | | | | $39.56 | $178,904.01 | | ($28,709.38) | $7,333.68 | $710.33 |
| 08/01/2021 | $1,873.56 | | | Regular Payment | 03/01/2019 | $55,272.49 | | | | | | $178,904.01 | | ($28,709.38) | $7,333.68 | $710.33 |
| 08/04/2021 | | | $118.55 | Escrow Disbursement | 03/01/2019 | $55,272.49 | | | ($118.55) | | | $178,904.01 | | ($28,827.93) | $7,333.68 | $710.33 |
| 08/16/2021 | | | $1,958.76 | Escrow Disbursement | 03/01/2019 | $55,272.49 | | | ($1,958.76) | | | $178,904.01 | | ($30,786.69) | $7,333.68 | $710.33 |
| 08/23/2021 | | $40.19 | | Funds Received | 03/01/2019 | $55,272.49 | | | | | $40.19 | $178,904.01 | | ($30,786.69) | $7,333.68 | $750.52 |
| 09/01/2021 | $1,873.56 | | | Regular Payment | 03/01/2019 | $57,146.05 | | | | | | $178,904.01 | | ($30,786.69) | $7,333.68 | $750.52 |
| 09/03/2021 | | | $118.55 | Escrow Disbursement | 03/01/2019 | $57,146.05 | | | ($118.55) | | | $178,904.01 | | ($30,905.24) | $7,333.68 | $750.52 |
| 10/01/2021 | $1,873.56 | | | Regular Payment | 03/01/2019 | $59,019.61 | | | | | | $178,904.01 | | ($30,905.24) | $7,333.68 | $750.52 |
| 10/04/2021 | | | $118.55 | Escrow Disbursement | 03/01/2019 | $59,019.61 | | | ($118.55) | | | $178,904.01 | | ($31,023.79) | $7,333.68 | $750.52 |

**Part 5 : Loan Payment History from First Date of Default**

| | Account Activity | | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. Date | B. Contractual Payment Amount | C. Funds Received | D. Amount Incurred | E. Description | F. Contractual Due Date | G. Prin, Int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
| 10/20/2021 | | | $1,958.76 | Escrow Disbursement | 03/01/2019 | $59,019.61 | | | ($1,958.76) | | | $178,904.01 | | ($32,982.55) | $7,333.68 | $750.52 |
| 10/25/2021 | | $10,000.00 | | Funds Received | 03/01/2019 | $59,019.61 | | | | | $10,000.00 | $178,904.01 | | ($32,982.55) | $7,333.68 | $10,750.52 |
| 10/26/2021 | | | | Payment from Suspense | 04/01/2019 | $57,144.65 | $298.63 | $633.62 | $942.71 | | ($1,874.96) | $178,605.38 | | ($32,039.84) | $7,333.68 | $8,875.56 |
| 10/27/2021 | | | | Payment from Suspense | 05/01/2019 | $55,269.69 | $299.69 | $632.56 | $942.71 | | ($1,874.96) | $178,305.69 | | ($31,097.13) | $7,333.68 | $7,000.60 |
| 10/28/2021 | | | | Payment from Suspense | 06/01/2019 | $53,394.73 | $300.75 | $631.50 | $942.71 | | ($1,874.96) | $178,004.94 | | ($30,154.42) | $7,333.68 | $5,125.64 |
| 10/29/2021 | | | | Payment from Suspense | 07/01/2019 | $51,519.77 | $301.82 | $630.43 | $942.71 | | ($1,874.96) | $177,703.12 | | ($29,211.71) | $7,333.68 | $3,250.68 |
| 11/01/2021 | $1,873.56 | | | Regular Payment | 07/01/2019 | $53,393.33 | | | | | | $177,703.12 | | ($29,211.71) | $7,333.68 | $3,250.68 |
| 11/01/2021 | | | | Payment from Suspense | 08/01/2019 | $51,518.37 | $302.88 | $629.37 | $942.71 | | ($1,874.96) | $177,400.24 | | ($28,269.00) | $7,333.68 | $1,375.72 |
| 11/04/2021 | | | $118.55 | Escrow Disbursement | 08/01/2019 | $51,518.37 | | | ($118.55) | | | $177,400.24 | | ($28,387.55) | $7,333.68 | $1,375.72 |
| 11/16/2021 | | $40.19 | | Funds Received | 08/01/2019 | $51,518.37 | | | | | $40.19 | $177,400.24 | | ($28,387.55) | $7,333.68 | $1,415.91 |
| 12/01/2021 | $1,873.56 | | | Regular Payment | 08/01/2019 | $53,391.93 | | | | | | $177,400.24 | | ($28,387.55) | $7,333.68 | $1,415.91 |
| 12/03/2021 | | | $118.55 | Escrow Disbursement | 08/01/2019 | $53,391.93 | | | ($118.55) | | | $177,400.24 | | ($28,506.10) | $7,333.68 | $1,415.91 |
| 12/10/2021 | | $144.35 | | Funds Received | 08/01/2019 | $53,391.93 | | | | | $144.35 | $177,400.24 | | ($28,506.10) | $7,333.68 | $1,560.26 |
| 12/10/2021 | | $80.30 | | Funds Received | 08/01/2019 | $53,391.93 | | | | | $80.30 | $177,400.24 | | ($28,506.10) | $7,333.68 | $1,640.56 |
| 01/01/2022 | $1,873.56 | | | Regular Payment | 08/01/2019 | $55,265.49 | | | | | | $177,400.24 | | ($28,506.10) | $7,333.68 | $1,640.56 |
| 01/04/2022 | | | $115.74 | Escrow Disbursement | 08/01/2019 | $55,265.49 | | | ($115.74) | | | $177,400.24 | | ($28,621.84) | $7,333.68 | $1,640.56 |
| 01/14/2022 | | | | Payment from Suspense | 09/01/2019 | $54,333.24 | $303.96 | $628.29 | | | ($932.25) | $177,096.28 | | ($28,621.84) | $7,333.68 | $708.31 |
| 01/19/2022 | | $15.64 | | Funds Received | 09/01/2019 | $54,333.24 | | | | | $15.64 | $177,096.28 | | ($28,621.84) | $7,333.68 | $723.95 |
| 01/19/2022 | | $28.12 | | Funds Received | 09/01/2019 | $54,333.24 | | | | | $28.12 | $177,096.28 | | ($28,621.84) | $7,333.68 | $752.07 |
| 01/26/2022 | | | $1,937.64 | Escrow Disbursement | 09/01/2019 | $54,333.24 | | | ($1,937.64) | | | $177,096.28 | | ($30,559.48) | $7,333.68 | $752.07 |
| 02/01/2022 | $1,873.56 | | | Regular Payment | 09/01/2019 | $56,206.80 | | | | | | $177,096.28 | | ($30,559.48) | $7,333.68 | $752.07 |
| 02/04/2022 | | | $115.74 | Escrow Disbursement | 09/01/2019 | $56,206.80 | | | ($115.74) | | | $177,096.28 | | ($30,675.22) | $7,333.68 | $752.07 |
| 03/01/2022 | $1,873.56 | | | Regular Payment | 09/01/2019 | $58,080.36 | | | | | | $177,096.28 | | ($30,675.22) | $7,333.68 | $752.07 |
| 03/04/2022 | | | $115.74 | Escrow Disbursement | 09/01/2019 | $58,080.36 | | | ($115.74) | | | $177,096.28 | | ($30,790.96) | $7,333.68 | $752.07 |
| 03/09/2022 | | $60.89 | | Funds Received | 09/01/2019 | $58,080.36 | | | | | $60.89 | $177,096.28 | | ($30,790.96) | $7,333.68 | $812.96 |
| 03/09/2022 | | $33.87 | | Funds Received | 09/01/2019 | $58,080.36 | | | | | $33.87 | $177,096.28 | | ($30,790.96) | $7,333.68 | $846.83 |
| 03/31/2022 | | | $20.00 | Property Inspection | 09/01/2019 | $58,080.36 | | | | $20.00 | | $177,096.28 | | ($30,790.96) | $7,353.68 | $846.83 |
| 04/01/2022 | $1,873.56 | | | Regular Payment | 09/01/2019 | $59,953.92 | | | | | | $177,096.28 | | ($30,790.96) | $7,353.68 | $846.83 |
| 04/04/2022 | | | $115.74 | Escrow Disbursement | 09/01/2019 | $59,953.92 | | | ($115.74) | | | $177,096.28 | | ($30,906.70) | $7,353.68 | $846.83 |
| 04/19/2022 | | | $1,937.64 | Escrow Disbursement | 09/01/2019 | $59,953.92 | | | ($1,937.64) | | | $177,096.28 | | ($32,844.34) | $7,353.68 | $846.83 |
| 05/01/2022 | $1,873.56 | | | Regular Payment | 09/01/2019 | $61,827.48 | | | | | | $177,096.28 | | ($32,844.34) | $7,353.68 | $846.83 |
| 05/04/2022 | | | $115.74 | Escrow Disbursement | 09/01/2019 | $61,827.48 | | | ($115.74) | | | $177,096.28 | | ($32,960.08) | $7,353.68 | $846.83 |
| 05/04/2022 | | | $405.00 | Appraisal/BPO | 09/01/2019 | $61,827.48 | | | | $405.00 | | $177,096.28 | | ($32,960.08) | $7,758.68 | $846.83 |
| 05/11/2022 | | $29.06 | | Funds Received | 09/01/2019 | $61,827.48 | | | | | $29.06 | $177,096.28 | | ($32,960.08) | $7,758.68 | $875.89 |
| 05/11/2022 | | $16.17 | | Funds Received | 09/01/2019 | $61,827.48 | | | | | $16.17 | $177,096.28 | | ($32,960.08) | $7,758.68 | $892.06 |
| 05/18/2022 | | | $50.00 | Court Costs | 09/01/2019 | $61,827.48 | | | | $50.00 | | $177,096.28 | | ($32,960.08) | $7,808.68 | $892.06 |
| 05/23/2022 | | | $40.00 | Title Costs | 09/01/2019 | $61,827.48 | | | | $40.00 | | $177,096.28 | | ($32,960.08) | $7,848.68 | $892.06 |
| 05/23/2022 | | | $1,500.00 | Sale Costs | 09/01/2019 | $61,827.48 | | | | $1,500.00 | | $177,096.28 | | ($32,960.08) | $9,348.68 | $892.06 |
| 05/27/2022 | | | $3,015.00 | Escrow Disbursement | 09/01/2019 | $61,827.48 | | | ($3,015.00) | | | $177,096.28 | | ($35,975.08) | $9,348.68 | $892.06 |
| 06/01/2022 | $1,873.56 | | | Regular Payment | 09/01/2019 | $63,701.04 | | | | | | $177,096.28 | | ($35,975.08) | $9,348.68 | $892.06 |
| 06/03/2022 | | | $115.74 | Escrow Disbursement | 09/01/2019 | $63,701.04 | | | ($115.74) | | | $177,096.28 | | ($36,090.82) | $9,348.68 | $892.06 |
| 06/08/2022 | | | $20.00 | Property Inspection | 09/01/2019 | $63,701.04 | | | | $20.00 | | $177,096.28 | | ($36,090.82) | $9,368.68 | $892.06 |
| 06/21/2022 | | | $18.99 | Statutory Mailings | 09/01/2019 | $63,701.04 | | | | $18.99 | | $177,096.28 | | ($36,090.82) | $9,387.67 | $892.06 |
| 06/21/2022 | | | $1.59 | Statutory Mailings | 09/01/2019 | $63,701.04 | | | | $1.59 | | $177,096.28 | | ($36,090.82) | $9,389.26 | $892.06 |
| 06/22/2022 | | | $115.74 | Escrow Disbursement | 09/01/2019 | $63,701.04 | | | ($115.74) | | | $177,096.28 | | ($36,206.56) | $9,389.26 | $892.06 |
| 07/01/2022 | $1,873.56 | | | Regular Payment | 09/01/2019 | $65,574.60 | | | | | | $177,096.28 | | ($36,206.56) | $9,389.26 | $892.06 |
| 07/11/2022 | | | $477.50 | Attorney Fees | 09/01/2019 | $65,574.60 | | | | $477.50 | | $177,096.28 | | ($36,206.56) | $9,866.76 | $892.06 |
| 08/01/2022 | $1,873.56 | | | Regular Payment | 09/01/2019 | $67,448.16 | | | | | | $177,096.28 | | ($36,206.56) | $9,866.76 | $892.06 |
| 08/05/2022 | | | $115.74 | Escrow Disbursement | 09/01/2019 | $67,448.16 | | | ($115.74) | | | $177,096.28 | | ($36,322.30) | $9,866.76 | $892.06 |
| 09/01/2022 | $1,873.56 | | | Regular Payment | 09/01/2019 | $69,321.72 | | | | | | $177,096.28 | | ($36,322.30) | $9,866.76 | $892.06 |

**Part 5 : Loan Payment History from First Date of Default**

| | Account Activity | | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. Date | B. Contractual Payment Amount | C. Funds Received | D. Amount Incurred | E. Description | F. Contractual Due Date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
| 09/02/2022 | | | $115.74 | Escrow Disbursement | 09/01/2019 | $69,321.72 | | | ($115.74) | | | $177,096.28 | | ($36,438.04) | $9,866.76 | $892.06 |
| 09/08/2022 | | | $20.00 | Property Inspection | 09/01/2019 | $69,321.72 | | | | $20.00 | | $177,096.28 | | ($36,438.04) | $9,886.76 | $892.06 |
| 09/29/2022 | | | $340.00 | Title Costs | 09/01/2019 | $69,321.72 | | | | $340.00 | | $177,096.28 | | ($36,438.04) | $10,226.76 | $892.06 |
| 10/01/2022 | | $1,873.56 | | Regular Payment | 09/01/2019 | $71,195.28 | | | | | | $177,096.28 | | ($36,438.04) | $10,226.76 | $892.06 |
| 10/04/2022 | | | $115.74 | Escrow Disbursement | 09/01/2019 | $71,195.28 | | | ($115.74) | | | $177,096.28 | | ($36,553.78) | $10,226.76 | $892.06 |
| 10/05/2022 | | | $20.00 | Property Inspection | 09/01/2019 | $71,195.28 | | | | $20.00 | | $177,096.28 | | ($36,553.78) | $10,246.76 | $892.06 |
| 11/01/2022 | | $1,873.56 | | Regular Payment | 09/01/2019 | $73,068.84 | | | | | | $177,096.28 | | ($36,553.78) | $10,246.76 | $892.06 |
| 11/02/2022 | | | $20.00 | Property Inspection | 09/01/2019 | $73,068.84 | | | | $20.00 | | $177,096.28 | | ($36,553.78) | $10,266.76 | $892.06 |
| 11/02/2022 | | | $5.00 | Service Costs | 09/01/2019 | $73,068.84 | | | | $5.00 | | $177,096.28 | | ($36,553.78) | $10,271.76 | $892.06 |
| 11/02/2022 | | | $5.92 | Service Costs | 09/01/2019 | $73,068.84 | | | | $5.92 | | $177,096.28 | | ($36,553.78) | $10,277.68 | $892.06 |
| 11/02/2022 | | | $1,500.00 | Sheriff Costs | 09/01/2019 | $73,068.84 | | | | $1,500.00 | | $177,096.28 | | ($36,553.78) | $11,777.68 | $892.06 |
| 11/04/2022 | | | $115.74 | Escrow Disbursement | 09/01/2019 | $73,068.84 | | | ($115.74) | | | $177,096.28 | | ($36,669.52) | $11,777.68 | $892.06 |
| 12/01/2022 | | $1,873.56 | | Regular Payment | 09/01/2019 | $74,942.40 | | | | | | $177,096.28 | | ($36,669.52) | $11,777.68 | $892.06 |
| 12/02/2022 | | | $115.74 | Escrow Disbursement | 09/01/2019 | $74,942.40 | | | ($115.74) | | | $177,096.28 | | ($36,785.26) | $11,777.68 | $892.06 |
| 12/02/2022 | | | $20.00 | Property Inspection | 09/01/2019 | $74,942.40 | | | | $20.00 | | $177,096.28 | | ($36,785.26) | $11,797.68 | $892.06 |
| 12/12/2022 | | | $250.00 | Attorney Fees | 09/01/2019 | $74,942.40 | | | | $250.00 | | $177,096.28 | | ($36,785.26) | $12,047.68 | $892.06 |
| 12/21/2022 | | | $440.00 | Appraisal/BPO | 09/01/2019 | $74,942.40 | | | | $440.00 | | $177,096.28 | | ($36,785.26) | $12,487.68 | $892.06 |
| 12/29/2022 | | | $69.36 | Statutory Mailings | 09/01/2019 | $74,942.40 | | | | $69.36 | | $177,096.28 | | ($36,785.26) | $12,557.04 | $892.06 |
| 12/29/2022 | | | $20.00 | Property Inspection | 09/01/2019 | $74,942.40 | | | | $20.00 | | $177,096.28 | | ($36,785.26) | $12,577.04 | $892.06 |
| 01/01/2023 | | $1,873.56 | | Regular Payment | 09/01/2019 | $76,815.96 | | | | | | $177,096.28 | | ($36,785.26) | $12,577.04 | $892.06 |
| 01/04/2023 | | | $112.82 | Escrow Disbursement | 09/01/2019 | $76,815.96 | | | ($112.82) | | | $177,096.28 | | ($36,898.08) | $12,577.04 | $892.06 |
| 01/09/2023 | | | | Bankruptcy Filed | 09/01/2019 | $76,815.96 | | | | | | $177,096.28 | | ($36,898.08) | $12,577.04 | $892.06 |

# EXHIBIT A

## <u>ADDENDUM</u>

SECURED CREDITOR IS IN THE PROCESS OF OBTAINING
ADDITIONAL SUPPORTING DOCUMENTS PERTAINING TO
THE INSTANT PROOF OF CLAIM AND WILL AMEND SAID
CLAIM TO INCLUDE THE SAME,AS APPLICABLE.



# EXHIBIT A

# Escrow Analysis Statement

**Rushmore Loan Management Services**
PO Box 514707
Los Angeles, CA 90051
www.rushmorelm.com
(888) 504-6700

Statement Date: January 12, 2023
Loan Number:

```
------ manifest line ---------
SHANE JIMENEZ
C/O MCDOWELL LAW PC
46 WEST MAIN STREET
MAPLE SHADE NJ 08052-1808
```

Need help understanding your mortgage escrow statement?

Scan here or visit rushmorelm.com

We review your escrow account annually to ensure that you have adequate funds to cover your tax and insurance items for the next 12 months. The amounts billed for certain escrow items changed. This statement describes the changes, possible changes to your monthly payments, and your options.

## What changed?



**Private Mortgage Insurance**

| | N/A | Current |
|---|---|---|
| $1,400.00 | | |
| $1,244.44 | | |
| $1,088.89 | | |
| $933.33 | | |
| $777.78 | | |
| $622.22 | | |
| $466.67 | | |
| $311.11 | | |
| $155.56 | | |
| $0.00 | | |

**PMI increased by $1,353.84 per year.**



**Property Taxes**

| | N/A | Current |
|---|---|---|
| $7,800.00 | | |
| $6,933.33 | | |
| $6,066.67 | | |
| $5,200.00 | | |
| $4,333.33 | | |
| $3,466.67 | | |
| $2,600.00 | | |
| $1,733.33 | | |
| $866.67 | | |
| $0.00 | | |

**Taxes increased by $7,792.80 per year.**



**Homeowner's Insurance**

| | N/A | Current |
|---|---|---|
| $3,100.00 | | |
| $2,755.56 | | |
| $2,411.11 | | |
| $2,066.67 | | |
| $1,722.22 | | |
| $1,377.78 | | |
| $1,033.33 | | |
| $688.89 | | |
| $344.44 | | |
| $0.00 | | |

**Insurance increased by $3,015.00 per year.**

Changes in the above items mean that the amount needed in your escrow account increased by $12,161.64 per year.

## How do these changes affect me?

Based upon the Anticipated Escrow Disbursements and Payments, we have determined that your Escrow Account has sufficient funds. Neither a Shortage or Surplus exists therefore, your monthly escrow payment will remain the same.

| | Current Payment | Escrow Change | New Monthly Payment Effective 02/2023 |
|---|---|---|---|
| **Due Date** | 09/2019 | | 02/2023 |
| **Principal and Interest** | $932.25 | | $932.25 |
| **Escrow Payment** | $941.31 | $72.16 | $1,013.47 |
| **Escrow Overage** | | | $0.00 |
| **TOTAL** | $1,873.56 | | $1,945.72 |

A detailed explanation of the calculations for your escrow account is located on page 2.

Note: **Online bill payment users**: Your payment is changing effective 02/01/2023 so **action is required**. Please log into your bank's online account and update your payment amount. Thank you!

**Rushmore Loan Management Services LLC**

## ESCROW OVERAGE

**Loan Number**
**Mortgagor Name:** SHANE JIMENEZ

**Escrow Overage Amount: $0.00**

Based upon the Anticipated Escrow Disbursements and Payments, we have determined that your Escrow Account has sufficient funds. Neither a Shortage or Surplus exists therefore, your monthly escrow payment will remain the same.

```
Rushmore Loan Management Services LLC
P.O. Box 514707
Los Angeles, CA 90051-4707
```

# EXHIBIT A

January 12, 2023                                                                                    Loan Number: ▮▮▮▮▮▮

## How did Rushmore make the escrow calculations?

Step 1: Rushmore analyzes all items paid by the escrow account, we then calculate the amount that you'll likely need to pay these bills.

Step 2: We take your anticipated taxes and/or insurance premiums to determine the total outgoing payments. We then divide the total outgoing payments by 12 to determine your monthly escrow amount.

Your total anticipated tax and/or insurance premium(s) are as follows:

| | |
|---|---|
| Annual Private Mortgage Insurance | $1,353.84 |
| Annual Property Taxes | $7,792.80 |
| Annual Property Insurance | $3,015.00 |
| Total | $12,161.64 divided by 12 months = $1,013.47 |

Step 3: We calculate the minimum required escrow balance. Your escrow account must have a minimum balance of $0.00 for the next year.

Step 4: We calculate your annual escrow account projection for the coming year. If your monthly escrow balance falls below the minimum balance of $0.00, your escrow account experiences a shortage. If our calculation determines that your monthly escrow balance will not reach the minimum balance, your escrow account will have an overage.

The table below demonstrates the estimated activity in your escrow account for the coming year.

## What escrow activity is expected in the coming year?

The highlighted row indicates the lowest estimated escrow balance for the year of -$5,667.03. The difference between the lowest projected balance of -$5,667.03 and the minimum required escrow balance of $0.00 is $0.00.

Your escrow account does not have an overage or a shortage amount.

| | PAYMENTS TO ESCROW ACCOUNT | ESTIMATED PAYMENTS FROM ESCROW ACCOUNT | | | | ESCROW ACCOUNT BALANCE | |
|---|---|---|---|---|---|---|---|
| | | MIP/PMI | Taxes | Flood Insurance | Homeowner's Insurance | Estimated | Required |
| Anticipated Date of Activity | | | | | Starting Balance | -$4,159.53 | $1,507.50 |
| Feb 23 | $1,013.47 | $112.82 | | | | -$3,258.88 | $2,408.15 |
| Mar 23 | $1,013.47 | $112.82 | | | | -$2,358.23 | $3,308.80 |
| Apr 23 | $1,013.47 | $112.82 | | | | -$1,457.58 | $4,209.45 |
| Apr 23 | | | $1,937.64 | | | -$3,395.22 | $2,271.81 |
| May 23 | $1,013.47 | $112.82 | | | | -$2,494.57 | $3,172.46 |
| Jun 23 | $1,013.47 | $112.82 | | | | -$1,593.92 | $4,073.11 |
| Jun 23 | | | | | $3,015.00 | -$4,608.92 | $1,058.11 |
| Jul 23 | $1,013.47 | $112.82 | | | | -$3,708.27 | $1,958.76 |
| Jul 23 | | | $1,958.76 | | | -$5,667.03 | $0.00 |
| Aug 23 | $1,013.47 | $112.82 | | | | -$4,766.38 | $900.65 |
| Sep 23 | $1,013.47 | $112.82 | | | | -$3,865.73 | $1,801.30 |
| Oct 23 | $1,013.47 | $112.82 | | | | -$2,965.08 | $2,701.95 |
| Oct 23 | | | $1,958.76 | | | -$4,923.84 | $743.19 |
| Nov 23 | $1,013.47 | $112.82 | | | | -$4,023.19 | $1,643.84 |
| Dec 23 | $1,013.47 | $112.82 | | | | -$3,122.54 | $2,544.49 |
| Jan 24 | $1,013.47 | $112.82 | | | | -$2,221.89 | $3,445.14 |
| Jan 24 | | | $1,937.64 | | | -$4,159.53 | $1,507.50 |

**NOTE:** If this escrow analysis indicates that there is a surplus, it may not mean that you are entitled to receive a return of that surplus. This analysis was calculated based on an assumption that the account is current according to the terms of the note and Mortgage/Deed of Trust. If the account is behind, in default, or in bankruptcy, this analysis may not reflect the current state of the account or the terms of a bankruptcy plan. If there are enough funds in the escrow account the surplus will be mailed to you within 30 days, provided the account is current under the terms of the note and Mortgage/Deed of Trust.

Back of coupon or check intentionally left blank

# EXHIBIT A

January 12, 2023                                                                                        Loan Number:

## What escrow activity occurred since your last analysis?

The chart below reflects what actually happened in your escrow account since your last analysis.

Between 06/2022 and 01/2023 a total of $38,593.71 was deposited to your escrow account and a total of $6,546.68 was disbursed from your escrow  account as follows. Totals for each disbursements are noted below.

RBP/FHA INSU:  $691.52
TOWN/BORO:  $5,855.16

| Month of Activity | PAYMENTS TO ESCROW ACCOUNT | | PAYMENTS FROM ESCROW ACCOUNT | | | | ESCROW BALANCE COMPARISON | |
|---|---|---|---|---|---|---|---|---|
| | Estimated | Actual | Estimated | Actual | Description | | Estimated | Actual |
| | | | | | **Starting Balance** | | **$0.00** | **-$36,206.56** |
| Aug 22 | | | | $115.74 | RBP/FHA INSU | | $0.00 | -$36,322.30 |
| Sep 22 | | | | $115.74 | RBP/FHA INSU | | $0.00 | -$36,438.04 |
| Oct 22 | | | | $115.74 | RBP/FHA INSU | | $0.00 | -$36,553.78 |
| Nov 22 | | | | $115.74 | RBP/FHA INSU | | $0.00 | -$36,669.52 |
| Dec 22 | | | | $115.74 | RBP/FHA INSU | | $0.00 | -$36,785.26 |
| Jan 23 | | $38,593.71 | | $112.82 | RBP/FHA INSU | E | $0.00 | $1,695.63 |
| Jan 23 | | | | $1,937.64 | TOWN/BORO | E | $0.00 | -$242.01 |
| Jan 23 | | | | $1,958.76 | TOWN/BORO | E | $0.00 | -$2,200.77 |
| Jan 23 | | | | $1,958.76 | TOWN/BORO | E | $0.00 | -$4,159.53 |

**E—Indicates the activity has not yet occurred but is estimated to occur as shown.**

*If there is an amount listed in the "Actual" column under Payments To Escrow Account on Page 2 above, then this is the assumption that was made and indicates the amount that would have been paid into escrow for a contractually current loan. This number does not represent payments that were actually made by you. As discussed above, these escrow calculations are calculated based on an assumption that the account would be current according to the terms of the note and mortgage/deed of trust.

Rushmore Loan Management Services LLC is a Debt Collector, who is attempting to collect a debt. Any information obtained will be used for that purpose. However, if you are in Bankruptcy or received a Bankruptcy Discharge of this debt, this letter is being sent for informational purposes only, is not an attempt to collect a debt and does not constitute a notice of personal liability with respect to the debt.

January 12, 2023                                       Exhibit 2 of 15 of 36                                    Loan Number: ▮▮▮▮▮▮

# EXHIBIT A
## ADDITIONAL NOTICES

Rushmore Loan Management Services LLC  is a Debt Collector attempting to collect a debt.

**Bankruptcy Notice.** If you are in bankruptcy or if your obligation to repay this loan was discharged in bankruptcy, this informational notice is sent to you in order to comply with statutory requirements. It is not an attempt to collect a debt. You may disregard information relating to payment remittance. You are not obligated to make payments and any amount(s) you do pay Rushmore is at your discretion.  Please note, however, Rushmore reserves the right to exercise its legal rights, including but not limited to foreclosure of its lien interest, only against the property securing the original obligation.

If you have any other mortgage loans secured by the same property not serviced by Rushmore, please contact your other servicer directly to discuss any possible loss mitigation options that may be available to you.

If you are a confirmed Successor-in-Interest who has not assumed the mortgage loan obligation under State Law, this letter is being sent for information purposes only and does not constitute personal liability with respect to the debt.

**LEGAL NOTIFICATION**: Rushmore Loan Management Services LLC may report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.

**Notice of Error Resolution & Information Request Procedures**
The following outlines the Error Resolution and Information Request Procedures for your mortgage account at Rushmore Loan Management Services LLC  (RLMS). Please keep this document for your records.

***If you think an error has occurred on your mortgage account or if you need specific information about the servicing of your loan, please write us at:***

Rushmore Loan Management Services LLC
P.O. Box 52262
Irvine, CA 92619-2262

All written requests for information or notices of error should contain the following information:
1. Your name
2. Account number
3. Property Address
4. Description of the error and explanation as to why you believe it is an error or a request for specific information regarding the servicing of your loan
5. Current contact information so we may follow up with you

All written requests for specific information will be handled within 30 days of receipt. We will determine whether an error occurred within 30 days after receiving your notice of error and will correct any error promptly (Notices of error on payoff statements will be handled within 7 days). If additional time is needed to investigate your complaint or request, we may take up to 45 days but we will notify you of the extension within the original 30 days. If we decide that there was no error, we will send you a written explanation. You may ask for copies of the documents that we used in our investigation.

## HUD STATEMENT
Pursuant to section 169 of the Housing and Community Development Act of 1987, you may have the opportunity to receive counseling from various local agencies regarding the retention of your home. You may obtain a list of the HUD approved housing counseling agencies by calling the HUD nationwide toll-free telephone at 1-800-569-4287.

**Equal Credit Opportunity Act Disclosure**
NOTICE: The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicants income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is the Bureau of Consumer Financial Protection, 1700 G Street NW, Washington, DC 20552 or Federal Trade Commission, Equal Credit Opportunity, Washington, DC 20580.

**The following notice is in reference to the Homeowner Assistance Fund:**
The Homeowner Assistance Fund is a federal program to help homeowners impacted by COVID-19 resolve mortgage payments and other housing expenses. To learn more about the availability of Homeowner Assistance Funds in your state, please visit Rushmore's State Homeowner Assistance Resources page at https://www.rushmorelm.com/state-assistance/.

# EXHIBIT A

## NOTE

'MIN': ███████████████████████                        Loan Number: ███████████

> FHA Case No.
> ████████████████████

NOVEMBER 30, 2015                Cherry Hill                    NEW JERSEY
[Date]                                   [City]                                [State]

209 AVON ROAD, CHERRY HILL, NEW JERSEY 08034
[Property Address]

### 1.   BORROWER'S PROMISE TO PAY
In return for a loan that I have received, I promise to pay U.S. $ 189,504.00        (this amount is called "Principal"), plus interest to the order of the Lender. The Lender is NJ Lenders Corp

I will make all payments under this Note in the form of cash, check or money order.
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2.   INTEREST
Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of     4.250  %.
The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

### 3.   PAYMENTS
#### (A) Time and Place of Payments
I will pay principal and interest by making a payment every month.
I will make my monthly payment on the    1st   day of each month beginning on      JANUARY 1     , 2016          . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest and other items in the order described in the Security Instrument before Principal. If, on    DECEMBER 1, 2045     , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at 219 Paterson Avenue, Little Falls, New Jersey 07424
or at a different place if required by the Note Holder.

#### (B) Amount of Monthly Payments
My monthly payment will be in the amount of U.S. $ 932.25               .

### 4.   BORROWER'S RIGHT TO PREPAY
I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.
I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to any accrued and unpaid interest on the Prepayment amount before applying my

---

MULTISTATE FHA FIXED RATE NOTE
USFHA.NTE 03/30/15                          Page 1 of 4                    DocMagic eForms
                                                                            www.docmagic.com

Usfha nte xml

# EXHIBIT A

Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of      15      calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 4.000 % of the overdue amount of each payment. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

Usfha nte xml

# EXHIBIT A

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

> If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

> If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

MULTISTATE FHA FIXED RATE NOTE
USFHA.NTE 03/30/15                              Page 3 of 4                              *DocMagic eForms*
www.docmagic.com

Usfha.nte.xml

# EXHIBIT A

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)    _____ (Seal)
SHANE JIMENEZ         -Borrower                              -Borrower


_____ (Seal)    _____ (Seal)
                      -Borrower                              -Borrower


_____ (Seal)    _____ (Seal)
                      -Borrower                              -Borrower


Pay to the Order of

Without Recourse
By; Homeward Residential, Inc.

Patty Taylor, Vice President

                                        [Sign Original Only]

Loan Originator: Charles Barris, NMLSR ID 69237
Loan Originator Organization: NJ Lenders Corp, NMLSR ID 35286


**WITHOUT RECOURSE**
Pay to the order of

NJ Lenders Corp.

Donald Maita, Vice President

HOMEWARD RESIDENTIAL, INC.

MULTISTATE FHA FIXED RATE NOTE
USFHA.NTE 03/30/15                    Page 4 of 4                    DocMagic eForms
                                                                     www.docmagic.com

Usfha nte xml

# EXHIBIT A

# ALLONGE

LOAN NUMBER: ███████████

BORROWER (S):   Shane Jimenez

PROPERTY ADDRESS:   209 Avon Road
Cherry Hill, NJ 08034

NOTE/LOAN AMOUNT:   $189,504.00

NOTE/LOAN DATE:   11/30/2015

*PAY TO THE ORDER OF:*
OCWEN LOAN SERVICING, LLC

WITHOUT RECOURSE
HOMEWARD RESIDENTIAL, INC.

_____

John Dugan
Authorized Signer

# EXHIBIT A

# ALLONGE

LOAN NUMBER:

BORROWER (S):     Shane Jimenez

PROPERTY ADDRESS:     209 Avon Road
                       Cherry Hill, NJ 08034

NOTE/LOAN AMOUNT:     $189,504.00

NOTE/LOAN DATE:     11/30/2015

PAY TO THE ORDER OF:

WITHOUT RECOURSE
OCWEN LOAN SERVICING, LLC

_____
John Dugan
Authorized Signer

# EXHIBIT A

After Recording Return To:
NJ Lenders Corp
219 Paterson Avenue
Little Falls, New Jersey 07424
Loan Number: ▮▮▮▮▮▮▮▮

RECORD & RETURN TO:
WEICHERT TITLE AGENCY
1909 ROUTE 70 EAST
CHERRY HILL N2ND FLOOR

This Instrument Prepared By:
NJ Lenders Corp
219 Paterson Avenue
Little Falls, NJ 07424

CAMDEN COUNTY, NJ
CAMDEN COUNTY CLERK'S OFFICE
MTG-OR BOOK 10316 PG 1073
RECORDED 12/30/2015 09:56:55
FILE NUMBER ▮▮▮▮▮▮▮
RCPT #: 1684354; RECD BY: ALY2
RECORDING FEES $113.00
MARGINAL NOTATION
TOTAL TAX $0.00

_____ [Space Above This Line For Recording Data] _____

## MORTGAGE

FHA CASE NO. ▮▮▮▮▮▮▮

MIN: ▮▮▮▮▮▮▮▮                          MERS Phone: ▮▮▮▮▮▮▮

THIS MORTGAGE ("Security Instrument") is given on     NOVEMBER 30, 2015
The mortgagor is   SHANE JIMENEZ, MARRIED

                                                                      ("Borrower").
This Security Instrument is given to Mortgage Electronic Registration Systems, Inc. ("MERS") as mortgagee. MERS is the nominee for Lender, as hereinafter defined, and Lender's successors and assigns. MERS is organized and existing under the laws of Delaware, and has a mailing address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. ▮▮▮▮▮▮.     NJ Lenders Corp
                                                                      ("Lender")
is organized and existing under the laws of           NEW JERSEY                ,
and has a principal office and mailing address of  219 Paterson Avenue, Little Falls,
New Jersey 07424
Borrower owes Lender the principal sum of  ONE HUNDRED EIGHTY-NINE THOUSAND FIVE
HUNDRED FOUR AND 00/100          Dollars (U.S. $ 189,504.00          ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on     DECEMBER 1, 2045 .
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. This Security Instrument and the Note secured hereby are subject to modification (including changes in the interest rate, the due date, and other terms and conditions), as defined in New Jersey Laws 1985, ch. 353, § 1 et seq., and upon such modification, shall have the benefit of the lien priority provisions of that law. The maximum principal amount secured by this Security Instrument is $ 189,504.00        . For these purposes, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following described property located in            CAMDEN                County, New Jersey:

_____

FHA NEW JERSEY MORTGAGE - MERS
NJMTGZ.FHA 06/12/14                     Page 1 of 8                    DocMagic eForms
                                                                      www.docmagic.com

Njmtgz.fha.xml

# EXHIBIT A

See attached legal description.

which has the address of

209 AVON ROAD
[Street]

CHERRY HILL                    , New Jersey    08034      ("Property Address"):
[City]                                         [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

**UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2. **Monthly Payment of Taxes, Insurance, and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. §2601 et seq. and implementing regulations, 12 C.F.R. Part 1024, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

---

FHA NEW JERSEY MORTGAGE - MERS
NJMTGZ.FHA  06/12/14                          Page 2 of 8                    DocMagic eForms
                                                                            www.docmagic.com

Njmtgz.fha.xml

# EXHIBIT A

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

   **3.    Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

FIRST, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

SECOND, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

THIRD, to interest due under the Note;

FOURTH, to amortization of the principal of the Note; and

FIFTH, to late charges due under the Note.

   **4.    Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

   **5.    Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a

---

FHA NEW JERSEY MORTGAGE - MERS
NJMTGZ.FHA  06/12/14                           Page 3 of 8                    DocMagic *eForms*
                                                                             www.docmagic.com

Njmtgz.fha.xml

leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

    **6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

    **7. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

    If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

    Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement at the Note rate, and at the option of Lender shall be immediately due and payable.

    Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

    **8. Fees.** Lender may collect fees and charges authorized by the Secretary.

    **9. Grounds for Acceleration of Debt.**

        **(a) Default.** Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

            (i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

            (ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

        **(b) Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

            (i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

            (ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property, but his or her credit has not been approved in accordance with the requirements of the Secretary.

        **(c) No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

FHA NEW JERSEY MORTGAGE - MERS
NJMTGZ.FHA 06/12/14
Page 4 of 8
DocMagic
www.docmagic.com

Njmtgz.fha.xml

# EXHIBIT A

**(d) Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

**(e) Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within   60 DAYS

from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to   60 DAYS                      from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance by Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

FHA NEW JERSEY MORTGAGE - MERS
NJMTGZ.FHA 06/12/14                                  Page 5 of 8                          DocMagic *eForms*
www.docmagic.com

Njmtgz.fha.xml

# EXHIBIT "A"

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

## NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agrees as follows:

**17. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

**18. Foreclosure Procedure. If Lender requires immediate payment in full under paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding, and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, attorneys' fees and costs of title evidence permitted by Rules of Court.**

If the Lender's interest in this Security Instrument is held by the Secretary, and the Secretary requires immediate payment in full under paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph 18 or applicable law.

**19. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under applicable law.

**20. No Claim of Credit for Taxes.** Borrower will not make deduction from or claim credit on the principal or interest secured by this Security Instrument by reason of any governmental taxes, assessments or charges. Borrower will not claim any deduction from the taxable value of the Property by reason of this Security Instrument.

FHA NEW JERSEY MORTGAGE - MERS
NJMTGZ.FHA  06/12/14

Page 6 of 8

DocMagic eForms
www.docmagic.com

Njmtgz.fha.xml

# EXHIBIT A

**21. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.

[Check applicable box(es)].

☐ Condominium Rider ☐ Graduated Payment Rider ☐ Growing Equity Rider

☐ Planned Unit Development Rider ☐ Adjustable Rate Rider ☐ Rehabilitation Loan Rider

☐ Non-Owner Occupancy Rider ☐ Other [Specify]

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in pages 1 through 8 of this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_____ (Seal)  _____ (Seal)
SHANE JIMENEZ          -Borrower                        -Borrower

_____ (Seal)  _____ (Seal)
                       -Borrower                        -Borrower

_____ (Seal)  _____ (Seal)
                       -Borrower                        -Borrower

Witness:                            Witness:
_____          _____

# EXHIBIT A

———————————— [Space Below This Line For Acknowledgment] ————————————

State of ——————— NEW JERSEY ———————,

County of ——————— Camden ———————, ss

I CERTIFY that on *November 30, 2015* SHANE JIMENEZ ————————————

————————————————————————————————————————————

————————————————————————————————————————————

————————————————————————————————————————————,

personally came before me and stated to my satisfaction that this person (or if more than one, each person):
(a)  was the maker of the attached instrument; and
(b)  executed this instrument as his or her own act.

*[signature]* 11-30-15
Notary's Signature                                           Date

CECILIA E. PHILLIPS
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires July 1, 2017

————————————————————————————
Notary's printed or typed name

My commission expires: ————————————————

Loan Originator: Charles Barris, NMLSR ID 69237
Loan Originator Organization: NJ Lenders Corp, NMLSR ID 35286

FHA NEW JERSEY MORTGAGE - MERS
NJMTGZ.FHA  06/12/14                          Page 8 of 8                          DocMagic eForms
                                                                                  www.docmagic.com

Njmtgz.fha.xml

# EXHIBIT A

## Fidelity National Title Ins Co

### Commitment

Agent File No.: ███████

### SCHEDULE C
### DESCRIPTION

All that certain tract or parcel of land, situated, lying and being in the Township of Cherry Hill in the County of Camden and the State of New Jersey, more particularly described as follows:

BEGINNING AT A PONT marked by an iron pin found in the Northeasterly line of Avon Road (50 feet wide) a total arc and tangent distance of 383.29 feet from the intersection of same with the Southeasterly line of Brighton Road (50 feet wide) said point being in the division line of Lots 21 and 22, Block 339.15 and extending; thence

1) Along said Northeasterly line of Avon Road South 58 degrees 20 minutes 00 seconds East a distance of 75.00 feet to a point marked by an iron pin found in the division line of Lots 21 and 20; thence

2) Along said division line North 31 degrees 40 minutes 00 seconds East a distance of 125.00 feet to a point marked by an iron pin found in the division line of Lots 21 and 7, said point also being in the center line of a 15 feet wide drainage easement; thence

3) Along said division line and along the center line of said 15 feet wide drainage easement North 58 degrees 20 minutes 00 seconds West a distance of 75.00 feet to a point marked by an iron pin found in the division line of Lots 21 and 22; thence

4) Along said division line South 31 degrees 40 minutes 00 seconds West a distance of 125.00 feet to the point and place of BEGINNING.

BEING KNOWN AS LOT 21, BLOCK 226 ON PLAN OF LOTS, SECTION #7, PARCEL 21, KINGSTON ESTATES, FILED ON AUGUST 15, 1956.

The above description is drawn in accordance with a survey made by Avi Luzon Professional Land Surveyor and dated 9/21/15.

FOR INFORMATIONAL PURPOSES ONLY: BEING known as 209 Avon Road, Cherry Hill, New Jersey 08034, Lot 21, Block 339.15 of the official Tax Map of the Township of Cherry Hill.

# EXHIBIT A

 **Camden County**
**Document Summary Sheet**

CAMDEN COUNTY, NJ
CAMDEN COUNTY CLERK'S OFFICE
ASSN MTG-OR BOOK 10616 PG 147
RECORDED 04/24/2017 09:02:24
FILE NUMBER
RCPT # 1882735; RECD BY: eRecord
RECORDING FEES 42.00
MARGINAL NOTATION FEE 10.00

CAMDEN COUNTY CLERK

520 MARKET ST
CAMDEN NJ 08102

**Official Use Only**

| Transaction Identification Number | | |
|---|---|---|
| **Submission Date***(mm/dd/yyyy)* | | 04/04/2017 |
| **No. of Pages** *(excluding Summary Sheet)* | | 1 |
| **Recording Fee** *(excluding transfer tax)* *(Convenience Charge of $2.00 included)* | | $42.00 |
| **Realty Transfer Tax** | | $0.00 |
| **Total Amount** | | $42.00 |
| **Document Type** | ASSIGNMENT OF MORTGAGE | |

**Return Address** *(for recorded documents)*

SECURITY CONNECTIONS INC

240 TECHNOLOGY DRIVE
IDAHO FALLS, ID 83401

**Municipal Codes**
CAMDEN COUNTY          99

**Batch Type**   L2 - LEVEL 2 (WITH IMAGES)

**Bar Code(s)**

**Additional Information (Official Use Only)**

***\* DO NOT REMOVE THIS PAGE.***
***COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF CAMDEN COUNTY FILING RECORD.***
***RETAIN THIS PAGE FOR FUTURE REFERENCE.***

# EXHIBIT A

 **Camden County**
**Document Summary Sheet**

| | Type | ASSIGNMENT OF MORTGAGE | | | | |
|---|---|---|---|---|---|---|
| | **Consideration** | | | | | |
| | **Submitted By** | SIMPLIFILE, LLC. (SIMPLIFILE) | | | | |
| | **Document Date** | 03/20/2017 | | | | |
| | **Reference Info** | | | | | |
| | **Book ID** | **Book** | **Beginning Page** | **Instrument No.** | **Recorded/File Date** | |
| | | 10316 | 1073 | 2015100398 | | |
| **ASSIGNMENT OF MORTGAGE** | **ASSIGNOR** | **Name** | | | **Address** | |
| | | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC NJ LENDERS CORP | | | | |
| | **ASSIGNEE AND MORTGAG·** | **Name** | | | **Address** | |
| | | OCWEN LOAN SERVICING LLC | | | | |
| | **Parcel Info** | | | | | |
| | **Property Type** | **Tax Dist.** | **Block** | **Lot** | **Qualifier** | **Municipality** |
| | | | | | | |

*\* DO NOT REMOVE THIS PAGE.*
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF CAMDEN COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

CFN████████ BK 10616 PG 148

# EXHIBIT A

Recording Requested By:
OCWEN LOAN SERVICING, LLC

When Recorded Return To:

OCWEN LOAN SERVICING, LLC
240 TECHNOLOGY DRIVE
IDAHO FALLS, ID  83401

## CORPORATE ASSIGNMENT OF MORTGAGE

Camden, New Jersey
SELLER'S SERVICING                    "JIMENEZ"
SELLER'S LENDER ID
INVESTOR'S LOAN #
OLD SERVICING #

MIN #                              SIS #

Date of Assignment: March 18th, 2017
Assignor: Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as nominee for NJ Lenders Corp., its
successors and/or assigns at PO BOX 2026 FLINT MI 48501
Assignee: OCWEN LOAN SERVICING, LLC at , 1661 WORTHINGTON RD, SUITE 100, WEST PALM BEACH, FL
33409

Executed By: SHANE JIMENEZ, MARRIED  To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
("MERS"), SOLELY AS NOMINEE FOR NJ LENDERS CORP., ITS SUCCESSORS AND/OR ASSIGNS
Date of Mortgage: 11/30/2015 Recorded: 12/30/2015 In Book/Reel/Liber: 10316 Page/Folio: 1073 as Instrument
No.: 2015100398 In the County of Camden, State of New Jersey.

     KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of
which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said
Mortgage having an original principal sum of $189,504.00 with interest, secured thereby, and the full benefit of all the
powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys
unto the said Assignee, the Assignor's interest under the Mortgage.

     TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever, subject to the
terms contained in said Mortgage.

Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as nominee for NJ Lenders Corp., its successors
and/or assigns
On    MAR 2 0 2017

By:
     Brittany Harris
Assistant Secretary


STATE OF    Florida
COUNTY OF    Palm Beach

On    MAR 2 0 2017 , before me,            Shiline King        , a Notary Public in and for        Palm Beach        in
the State of        Florida        , personally appeared        Brittany Harris        , Assistant Secretary of
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), SOLELY AS NOMINEE FOR NJ
LENDERS CORP., ITS SUCCESSORS AND/OR ASSIGNS , personally known to me (or proved to me on the basis
of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by
his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.


WITNESS my hand and official seal,

     Shiline King
Notary Expires:    /    SEP 1 8 2020

[Notary seal:]
Notary Public State of Florida
Shiline King
My Commission GG 031114
Expires 09/18/2020

(This area for notarial seal)

# EXHIBIT A

CAMDEN COUNTY, NJ
CAMDEN COUNTY CLERK'S OFFICE
ASSN MTG-OR BOOK 11128 PG 553
RECORDED 05/15/2019 09:20:58
FILE NUMBER ███████
RCPT # 2159190; RECD BY: eRecord
RECORDING FEES 40.00
MARGINAL NOTATION FEE 10.00



**Camden County**
**Document Summary Sheet**

CAMDEN COUNTY CLERK

520 MARKET ST

CAMDEN NJ 08102

**Official Use Only**

| Transaction Identification Number | | |
|---|---|---|
| **Submission Date**(mm/dd/yyyy) | | 05/06/2019 |
| **No. of Pages** (excluding Summary Sheet) | | 1 |
| **Recording Fee** (excluding transfer tax) | | $40.00 |
| **Realty Transfer Tax** | | $0.00 |
| **Total Amount** | | $40.00 |
| **Document Type** | ASSIGNMENT OF MORTGAGE | |
| **Municipal Codes** | | |
| CAMDEN COUNTY | 99 | |
| **Batch Type** | L2 - LEVEL 2 (WITH IMAGES) | |

**Return Address** *(for recorded documents)*

FIRST AMERICAN MORTGAGE SOLUTIONS

3 FIRST AMERICAN WAY

SANTA ANA, CA 92707

**Additional Information (Official Use Only)**

***\* DO NOT REMOVE THIS PAGE.***
***COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF CAMDEN COUNTY FILING RECORD.***
***RETAIN THIS PAGE FOR FUTURE REFERENCE.***

# EXHIBIT A

 **Camden County**
**Document Summary Sheet**

| Type | ASSIGNMENT OF MORTGAGE | | | | |
|------|------------------------|---|---|---|---|
| Consideration | | | | | |
| Submitted By | SIMPLIFILE, LLC. (SIMPLIFILE) | | | | |
| Document Date | 05/01/2019 | | | | |
| Reference Info | | | | | |

**ASSIGNMENT OF MORTGAGE**

**Reference Info**

| Book ID | Book | Beginning Page | Instrument No. | Recorded/File Date |
|---------|------|----------------|----------------|--------------------|
| | 10316 | 1073 | 2015100398 | |

| ASSIGNOR | Name | Address |
|----------|------|---------|
| | OCWEN LOAN SERVICING LLC | |

| ASSIGNEE AND MORTGAG | Name | Address |
|----------------------|------|---------|
| | PHH MORTGAGE CORPORATION | |

**Parcel Info**

| Property Type | Tax Dist. | Block | Lot | Qualifier | Municipality |
|---------------|-----------|-------|-----|-----------|--------------|
| | | | | | |

*** DO NOT REMOVE THIS PAGE.**
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF CAMDEN COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

CFN ████████ BK 11128 PG 554

# EXHIBIT A

Recording Requested By:
OCWEN LOAN SERVICING, LLC

When Recorded Return To:

OCWEN LOAN SERVICING, LLC
1795 INTERNATIONAL WAY
IDAHO FALLS, ID 83402

<u>CORPORATE ASSIGNMENT OF MORTGAGE</u>

Camden, New Jersey
SELLER'S SERVICING ██████ "JIMENEZ"
SELLER'S LENDER ID#: ██████

Date of Assignment: May 01, 2019
Assignor: OCWEN LOAN SERVICING, LLC at 1661 WORTHINGTON ROAD, SUITE 100, WEST PALM BEACH, FL 33409
Assignee: PHH MORTGAGE CORPORATION at 1 MORTGAGE WAY, MOUNT LAUREL, NJ 08054

Executed By: SHANE JIMENEZ, MARRIED  To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR NJ LENDERS CORP., ITS SUCCESSORS AND ASSIGNS
Date of Mortgage: 11/30/2015 Recorded: 12/30/2015 in Book/Reel/Liber: 10316 Page/Folio: 1073 as Instrument No.: 2015100396 in the County of Camden, State of New Jersey.

KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage having an original principal sum of $189,504.00 with interest, secured thereby, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's interest under the Mortgage.

TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever, subject to the terms contained in said Mortgage.

OCWEN LOAN SERVICING, LLC
On May 01, 2019

By: _____
Beverly Clayton,
Servicing Operations Specialist

STATE OF FLORIDA
COUNTY OF PALM BEACH
On May 01, 2019, before me, _____ Netty N. Bangala _____, a Notary Public in and for PALM BEACH in the State of FLORIDA, personally appeared Beverly Clayton, Servicing Operations Specialist of OCWEN LOAN SERVICING, LLC , personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

_____
Netty N Bangala
Notary Expires: 8/4 2019

Notary Public State of Florida
Netty N Bangala
My Commission FF 906571
Expires 08/04/2019

(This area for notarial seal)